MEMORANDUM OPINION
{¶ 1} Appellant, Alfonsia M. Perry, has moved this court for leave to maintain a delayed appeal from his conviction in the Trumbull County Court of Common Pleas for aggravated murder. As the sole basis for the motion, appellant submits that, despite the fact that the final judgment against him was rendered in November 1994, he still should be allowed to proceed at this time because recent precedent of the Supreme Court of Ohio supports the conclusion that a serious structural error occurred during the course *Page 2 
of the trial proceedings. Citing State v. Colon, 118 Ohio St.3d 26,2008-Ohio-1624, he contends that, as a result of a flaw in the indictment against him, the trial court made a number of significant procedural errors which call into question the general reliability of his trial.
 {¶ 2} As an initial matter, this court would note that, in the text of his motion for leave, appellant does not expressly state which judgment of the trial court that he seeks to appeal. Based upon this, the state argues that the motion for leave should be denied on the grounds that appellant has failed to follow the proper procedure for bringing an appeal from a final judgment in a criminal case.
 {¶ 3} As to this point, this court would first indicate that the argument contained in appellant's motion for leave clearly challenges the propriety of his conviction in light of an alleged structural error at trial; given the nature of this argument, logic dictates that it would be raised in an appeal from the trial court's final sentencing judgment. Moreover, we would further indicate that, even though appellant attached a number of superfluous documents to his notice of appeal, included in those documents was a copy of the trial court's sentencing judgment of November 4, 1994. Thus, notwithstanding the lack of a specific reference in appellant's motion for leave, it is apparent that he intended for his delayed appeal to be taken from the sentencing judgment.
 {¶ 4} The procedure for the submission of a delayed appeal from a final order in a criminal action is governed by App. R. 5. Subsection (A)(1) of the rule provides that if the thirty-day limit for filing a notice of appeal as of right has already expired, a delayed appeal can still be taken by a criminal defendant when leave to do so is granted by the appellate court. Subsection (A)(2) then states that the motion for leave to appeal "shall *Page 3 
set forth the reasons for the failure of the appellant to perfect an appeal as of right."
 {¶ 5} In interpreting the general provisions of App. R. 5, this court has held that the "delayed appeal" procedure cannot be employed for the purpose of pursuing a second appeal when the defendant has already maintained a first appeal as a matter of right. State v. Komora (Oct. 9, 1998), 11th Dist. No. 98-G-2167, unreported. In other words, a delayed appeal cannot be used as a means of maintaining successive appeals from the same final judgment. Only one appeal can be taken from one specific judgment. See, also, State v. Haynes (1996), 111 Ohio App.3d 244.
 {¶ 6} In the instant matter, a review of our court records readily reflects that, on December 6, 1994, appellant filed a timely appeal from the trial court's final judgment of November 4, 1994. Our records also show that his first appeal resulted in a full opinion which addressed the merits of his conviction for aggravated murder. See State v.Perry (Aug. 29, 1997), 11th Dist. No. 94-T-5165, 1997 Ohio App. LEXIS 3884. Thus, appellant is not entitled to bring a delayed appeal from the sentencing judgment in the underlying criminal case because he has already pursued his appeal as of right from the same judgment. On this basis alone, the instant appeal is subject to dismissal for the reason that appellant is seeking to take multiple appeals from his criminal conviction for aggravated murder.
 {¶ 7} As an aside, this court would further indicate that, even if appellant could properly invoke the procedure for a delayed appeal, his motion for leave could not be based solely upon the allegation that a "Colon" error occurred during the course of the proceedings in his criminal case. In Colon, 118 Ohio St.3d 26, 2008-Ohio-1624, the Supreme Court of Ohio applied a structural-error analysis to a situation in which a flaw *Page 4 
in the indictment led to multiple errors at trial. After theColon decision was released, the Supreme Court was moved to reconsider its first opinion. As part of its separate opinion on the motion for reconsideration, the Supreme Court expressly addressed the issue of whether its structural-error holding could be applied to criminal cases in which a final determination had already been made:
 {¶ 8} "Our holding in Colon I is only prospective in nature, in accordance with our general policy that newly declared constitutional rules in criminal cases are applied prospectively, not retrospectively. * * *
 {¶ 9} "We recently restated this principle in Ali v. State,104 Ohio St.3d 328, 2004 Ohio 6592, * * *: `A new judicial ruling may be applied only to cases that are pending on the announcement date. The new judicial ruling may not be applied retroactively to a conviction that has become final, i.e., where the accused has exhausted all of his appellate remedies.' (Citations omitted.)" State v. Colon,119 Ohio St.3d 204, 2008-Ohio-3749, at ¶ 3-4.
 {¶ 10} As was noted above, appellant's direct appeal to this court concluded in August 1997. Although appellant then attempted to take his case before the Supreme Court of Ohio, his discretionary appeal was dismissed in December 1997. As a result, when the Supreme Court issued its new determination concerning structural errors in 2008, the underlying case against appellant had not been pending before any court of this state for over ten years. Under such circumstances, appellant is barred from seeking to reopen his conviction on the basis that the newly-recognized form of error could have occurred during his trial.
 {¶ 11} Since the state has demonstrated that, as a matter of law, appellant is not *Page 5 
entitled to go forward with this matter under App.R, 5(A), the motion for leave to file a delayed appeal is hereby overruled. It is the order of this court that the instant appeal is dismissed for lack of jurisdiction.
MARY JANE TRAPP, P.J., CYNTHIA WESTCOTT RICE, J., concur. *Page 1