[Cite as *State v. Perry*, 2016-Ohio-7446.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | CASE NO. 2016-T-0005 |
| ALFONSIA M. PERRY, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Trumbull County Court of Common Pleas, Case No. 94 CR 42.

Judgment: Affirmed.

*Dennis Watkins,* Trumbull County Prosecutor, and *LuWayne Annos,* Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Alfonsia M. Perry,* pro se, PID# A300-444, Richland Correctional Institution, P.O. Box 8107, 1001 Olivesburg Road, Mansfield, OH 44905 (Defendant-Appellant).


DIANE V. GRENDELL, J.

{¶1} Defendant-appellant, Alfonsia Perry, appeals the denial of his Motion for Re-Sentencing based on Void Judgment by the Trumbull County Court of Common Pleas. The issue before this court is whether a criminal sentence is rendered void where, allegedly, the defendant was not advised at sentencing that the failure to pay

court costs would subject the defendant to community service or advised of his appellate rights. For the following reasons, we affirm the judgment of the court below.

{¶2} In November 1994, Perry was found guilty of Aggravated Murder and sentenced to imprisonment for a determinate period of life. Perry's conviction and sentence have been affirmed in successive appeals. *See State v. Perry*, 11th Dist. Trumbull No. 94-T-5165, 1997 Ohio App. LEXIS 3884 (Aug. 29, 1997) (direct appeal); *Perry v. McKay*, 11th Dist. Trumbull No. 2008-T-0127, 2009-Ohio-1320 (motion for delayed appeal); *State v. Perry*, 11th Dist. Trumbull No. 2009-T-0023, 2009-Ohio-5767 (writ of procedendo); *State v. Perry*, 11th Dist. Trumbull No. 2009-T-0090, 2010-Ohio-713 (motion for new trial); *State v. Perry*, 11th Dist. Trumbull No. 2010-T-0014, 2010-Ohio-2956 (postconviction relief); *State v. Perry*, 11th Dist. Trumbull No. 2014-T-0095, 2015-Ohio-2899 (motion for new trial).

{¶3} On September 28, 2015, Perry filed a Motion for Re-Sentencing based on Void Judgment.

{¶4} On January 6, 2016, the trial court denied Perry's Motion. The court held that, construed as a motion for postconviction relief, Perry's Motion was untimely, and that Perry failed to raise valid arguments for holding his sentence void.

{¶5} On January 22, 2016, Perry filed a Notice of Appeal.

{¶6} On appeal, Perry raises the following assignments of error:

{¶7} "[1.] The Trial Court erred by denying the Appellant's 'Motion for Resentencing based on a Void Judgment' based on the trial court's failure to comply with the prior statutory requirements of R.C. 2947.23(A)(1)(a) in effect at the time of the appellant's sentencing hearing."

{¶8} "[2.] The Trial Court abused its discretion by improperly construing the appellant's 'Motion for Resentencing' as an untimely petition for post-conviction [relief], as a means of denying it."

{¶9} "[3.] The Trial Court erred by failing to resentence the appellant for its failure to notify him of his appellate rights and other rights under former Crim.R. 32(A)(2)(a)-(e)."

{¶10} In the first assignment of error, Perry contends that the failure to properly inform him at sentencing that he would be subject to community service if he failed to pay his court costs requires this court "to vacate the portion of the trial court's entry relative to court costs and remand the case to the trial court for resentencing only as to the issue of court costs." Appellant's brief at 8.

{¶11} Perry is mistaken in his belief that, at sentencing, the trial court was required to notify him that it could order him to perform community service if he failed to pay court costs.

{¶12} At the time of Perry's sentencing in November 1994, R.C. 2947.23 provided: "In all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution and render a judgment against the defendant for such costs." In its November 7, 1994 Entry on Sentence, the court duly ordered Perry to "pay the cost of prosecution taxed in the amount $661.50 for which execution is awarded."

{¶13} Division (A)(1)(a) of section 2947.23, requiring the judge or magistrate sentencing a defendant to notify him that "[i]f the defendant fails to pay that judgment or fails to timely make payments towards that judgment * * *, the court may order the

3

defendant to perform community service," was not effective until March 24, 2003, nine years after Perry's sentencing. *State v. Wright*, 9th Dist. Summit No. 27880, 2016-Ohio-3542, ¶ 7; 2002 Sub.H.B. 271.

**{¶14}** The first assignment of error is without merit.

**{¶15}** In the second assignment of error, Perry claims the trial court was "wrong to convert [his] motion for resentencing to a petition for post-conviction," as his motion was based on a "void judgment" due to the court "fail[ing] to follow the mandatory requirement under R.C. 2947.23(A)(1)."

**{¶16}** We find no error. In *State v. Reynolds*, 79 Ohio St.3d 158, 679 N.E.2d 1131 (1997), the Ohio Supreme Court sanctioned the construal of a "Motion to Correct or Vacate Sentence" as one for postconviction relief where the motion was filed subsequent to a direct appeal, claimed a denial of a constitutional right, sought to render a judgment void, and asked for the vacation of the judgment and sentence. *Id.* at 160. It has been common practice to treat motions for resentencing based on void judgments as postconviction petitions. *See, e.g., State v. Knowles*, 10th Dist. Franklin No. 15AP-991, 2016-Ohio-2859, ¶ 12 ("[m]otions to correct or vacate a sentence may properly be construed as petitions for postconviction relief"); *State v. Wolke*, 4th Dist. Adams No. 15CA1008, 2016-Ohio-1134, ¶ 9 ("we construe Wolke's motion for resentencing as an untimely petition for post-conviction relief," and "conclude that the trial court's failure to alert Wolke of the possibility of community service did not render the sentencing judgment void").

**{¶17}** In the present case, the trial court acknowledged that "a void judgment may be challenged at any time," but concluded that "a trial court's failure to properly

4

advise a defendant as to court costs does not render a judgment void." Having rejected Perry's claims that the sentencing errors alleged rendered his sentence void, the trial court could properly deny Perry's Motion as an untimely motion for postconviction relief.

{¶18} The second assignment of error is without merit.

{¶19} In his third assignment of error, Perry contends that the trial court erred by denying his Motion for Re-Sentencing where he was not advised of his appellate rights at sentencing: "the trial court's failure to advise the Appellant of his right to appeal is reversible error, and because it is mandated, void." Appellant's brief at 17.

{¶20} The version of Criminal Rule 32 in effect at the time of Perry's sentencing provided:

> After imposing sentence in a serious offense that has gone to trial on a plea of not guilty, the court shall advise the defendant of all of the following:
>
> (a) That the defendant has a right to appeal;
>
> (b) That if the defendant is unable to pay the cost of an appeal, the defendant has the right to appeal without payment;
>
> (c) That if the defendant is unable to obtain counsel for an appeal, counsel will be appointed without cost;
>
> (d) That if the defendant is unable to pay the costs of documents necessary to an appeal, the documents will be provided without cost;
>
> (e) That the defendant has a right to have a notice of appeal timely filed on his or her behalf.

Former Crim.R. 32(A)(2).

{¶21} Contrary to Perry's position, the failure to comply with the advisements of former Criminal Rule 32(A) does not render a sentence void. Rather, the argument must be raised in a direct appeal or else is barred by res judicata. *State v. Jackson*, 4th

5

Dist. Athens No. 97 CA 22, 1998 Ohio App. LEXIS 1092, 9-12 (Mar. 11, 1998); *State v. Gum*, 8th Dist. Cuyahoga No. 101496, 2015-Ohio-1539 ¶ 8 ("a court's failure to advise a defendant of his appellate rights only renders a sentence voidable, not void"); *State v. Johnston*, 2d Dist. Montgomery No. 25652, 2013-Ohio-4401, ¶ 16 ("Johnston could have raised on direct appeal the trial court's failure to notify him of his appeal rights" and, since "Johnston failed to do so," the argument is "barred by res judicata"); *State v. Wurzelbacher*, 1st Dist. Hamilton No. C-1300011, 2013-Ohio-4009, ¶ 10 ("Mr. Wurzelbacher's sentences were not void as a consequence of the trial court's failure to notify him concerning his appeal rights").

{¶22} Moreover, we note that Perry did file a direct appeal from his conviction wherein he could have raised the argument that the trial court failed to advise him of his appellate rights. *State v. Rigdon*, 4th Dist. Adams No. 418, 1986 Ohio App. LEXIS 6090, 26-27 (Mar. 20, 1986) ("[a]lthough the failure to advice (sic) appellant of his Crim.R. 32(A)(2) appeal rights constituted error, it was not prejudicial in the case at bar, where appellant * * * filed a timely notice of appeal").

{¶23} The third assignment of error is without merit.

{¶24} For the foregoing reasons, the judgment of the Trumbull County Court of Common Pleas, denying Perry's Motion for Re-Sentencing, is affirmed. Costs to be taxed against appellant.


CYNTHIA WESTCOTT RICE, P.J.,

COLLEEN MARY O'TOOLE, J., concurs with a Concurring Opinion.


_____

6

COLLEEN MARY O'TOOLE, J., concurs with a Concurring Opinion.

{¶25} This writer agrees with the majority that appellant's criminal sentence is not void. *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, ¶22. Regarding costs, I simply note here that a court may impose a community control sanction due to a defendant's failure to pay, regardless if it is included in the judgment entry. *See* R.C. 2947.23(A)(1). The law, however, does not allow a jail term for failure to pay costs as there is no debtor's prison in this country. *See State v. Northam*, 10th Dist. Franklin No. 98AP-1592, 1999 Ohio App. LEXIS 4615, *9 (Sept. 30, 1999).