DIANE V. GRENDELL, J.
{¶ 1} Defendant-appellant, Alfonsia Perry, appeals the trial court's determination that he is a vexatious litigator pursuant to R.C. 2323.52. The issues before this court are whether, for the purposes of applying the statute of limitations, postconviction proceedings constitute civil actions; whether a trial court errs by sua sponte ruling on a counterclaim challenging the *576 constitutionality of a statute when granting summary judgment in favor of the plaintiff where the statute's constitutionality would have constituted a defense to the plaintiff's claim; and whether a trial court may consider a party's postconviction filings to support a determination that he is a vexatious litigator. For the following reasons, we affirm the judgment of the court below.
{¶ 2} On November 29, 2016, Dennis Watkins, the Trumbull County Prosecuting Attorney, filed a Complaint to Designate Defendant as Vexatious Litigator against Alfonsia Perry.
{¶ 3} On December 20, 2016, Perry filed a Motion to Dismiss Complaint pursuant to Civil Rule 12(B)(6), based on the statute of limitations and the claim that the "litigation identified in the complaint to declare the Defendant a vexatious litigator is not reviewable by the plain language of the statute." Watkins responded on December 22, 2016.
{¶ 4} On January 5, 2017, the trial court denied Perry's Motion to Dismiss.
{¶ 5} On January 31, 2017, Watkins filed a Motion for Summary Judgment.
{¶ 6} On February 13, 2017, Perry, with leave of court, filed an Answer and Counterclaim. In the counterclaim, Perry asserted that the Ohio Vexatious Litigator Statute, as amended by Senate Bill 168, is unconstitutional. Watkins replied to the counterclaim on February 22, 2017.
{¶ 7} On February 24, 2017, Perry filed his Opposition against the Plaintiff's Motion for Summary Judgment.
{¶ 8} On March 14, 2017, the trial court granted summary judgment in Watkins' favor, determining that it was "abundantly clear" that "Defendant exceeds any and all definitions of a vexatious litigator." The court summarized the litigation underlying its decision as follows:
Defendant was indicted by the January 1994 Term of the Trumbull County Grand Jury on one count of Aggravated Murder pursuant to R.C. 2903.01, for the beating death of his live-in girlfriend, Jeanette Purdue, in Case Number 1994-CR-0042. On November 7, 1994, Perry was convicted of Aggravated Murder and was sentenced to life imprisonment. Defendant filed his direct appeal through licensed counsel with the Eleventh District Court of Appeals on December 6, 1994. The Eleventh District Court of Appeals affirmed the Defendant's conviction and sentence. State v. Perry (Aug. 29, 1997), 11th Dist. No. 1994-T-5165, 1997 WL 590789. The Ohio Supreme Court declined jurisdiction in State v. Perry , 80 Ohio St.3d 1467, 687 N.E.2d 296 (1997).
After the disposition of his direct appeal, Defendant has filed a number of post-conviction motions in this Court resulting in several related appeals before the Eleventh District Court of Appeals. For two of those appeals, Defendant was represented by counsel. State v. Perry , 11th Dist. No. 1995-T-5315, 1997 WL 269202 [;] State v. Perry , 11th Dist. No. 1996-T-5597, 1997 WL 772942. All subsequent appeals were handled pro se by Defendant. Notwithstanding the amount of his post-judgment litigation, Defendant has not obtained any modification of his conviction or sentence, nor has any of his ancillary litigation been successful. State v. Perry , 11th Dist. No. 2008-T-0127, 2009-Ohio-1320 [2009 WL 738024] [;] State v. Perry , 11th Dist. No. 2009-T-0090, 2010-Ohio-713 [2010 WL 702288], ¶ 17 [;] State v. Perry , 11th Dist. No. 2010-T-0014, 2010-Ohio-2956 [2010 WL 2557737], ¶ 13 [;] Perry v. McKay , 11th Dist. No. 2009-T-0023, 2009-Ohio-5767 [2009 WL 3526228] [;] State v. Perry , 11th Dist. No. 2014-T-0095, 2015-Ohio-2899 [2015 WL 4397407], ¶ 15 [;]
*577 State v. Perry , 11th Dist. No. 2016-T-0005, 2016-Ohio-7446 [2016 WL 6166735]. Defendant currently has another related case pending before the Eleventh District Court of Appeals in Case No. 2016-T-0098.[1]
In summary, Defendant has filed a copious amount of documents in this Court and in the Eleventh District Court of Appeals. The number of filings for his case alone exceeds seventy (70) documents. (T.d. 48, 52, 53, 56, 60, 61, 63, 66, 67, 69, 71, 74, 78, 80, 84, 86, 88, 90, 91, 92; State v. Perry , 11th Dist. No. 2008-T-0127 [2009 WL 738024] ; Perry v. McKay , 11th Dist. No. 2009-T-0023 [2009 WL 3526228] ; State v. Perry , 11th Dist. No. 2009-T-0090 [2010 WL 702288] ; State v. Perry , 11th Dist. No. 2010-T-0014 [2010 WL 2557737] ; State v. Perry , 11th Dist. No. 2014-T-0095 [2015 WL 4397407] ; State v. Perry , 11th Dist. No. 2016-T-0005 [2016 WL 6166735] ; State v. Perry , 11th Dist. No. 2016-T-0098 [2017 WL 1496458] ).
{¶ 9} The court further determined that R.C. 2323.52 is constitutional and applicable to Perry inasmuch as "Defendant's numerous filings constitute petitions for post-conviction relief which are civil in nature thereby evoking civil rules and sanctions."
{¶ 10} On April 6, 2017, Perry, with leave of court, filed a Notice of Appeal. On appeal, Perry raises the following assignments of error:
{¶ 11} "[1.] The trial court erred when it denied Perry's motion to dismiss the complaint pursuant to Civ.R. 12(B)(6)."
{¶ 12} "[2.] The trial court committed prejudicial error and denied Perry his due process right[s] when the court failed to notify Perry it intends to sua sponte address his counter claim when addressing Watkins['] motion for summary judgment in the absence of a pending motion."
{¶ 13} "[3.] The trial court erred when it granted Watkins['] motion for summary judgment pursuant to Civ.R. 56."
{¶ 14} In the first assignment of error, Perry contends the trial court erred in denying his Motion to Dismiss based on the statute of limitations defense.
{¶ 15} "A motion to dismiss based upon a statute of limitations may be granted when the complaint shows conclusively on its face that the action is time-barred." Doe v. Archdiocese of Cincinnati , 109 Ohio St.3d 491, 2006-Ohio-2625, 849 N.E.2d 268, ¶ 11 ; O'Brien v. Univ. Community Tenants Union, Inc. , 42 Ohio St.2d 242, 327 N.E.2d 753 (1975), syllabus ("[i]n order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted ( Civ.R. 12(B)(6) ), it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery").
{¶ 16} An order granting a motion to dismiss for failure to state a claim upon which relief may be granted is "subject to de novo review." Perrysburg Twp. v. Rossford , 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5.[2]
*578 {¶ 17} "[A] prosecuting attorney * * * who has defended against habitual and persistent vexatious conduct in the court of claims or in a court of appeals, court of common pleas, municipal court, or county court may commence a civil action in a court of common pleas with jurisdiction over the person who allegedly engaged in the habitual and persistent vexatious conduct to have that person declared a vexatious litigator." R.C. 2323.52(B). "The * * * prosecuting attorney * * * may commence this civil action while the civil action or actions in which the habitual and persistent vexatious conduct occurred are still pending or within one year after the termination of the civil action or actions in which the habitual and persistent vexatious conduct occurred." Id.
{¶ 18} In rejecting Perry's contention that "the only civil action or appeal from a civil action was filed by Perry in 2009 [referencing Perry v. McKay , 11th Dist. Trumbull No. 2009-T-0023, 2009 WL 3526228 ]," and, therefore, "there should be no dispute the complaint was filed past the one year statute of limitations," the trial court noted that it was "well-settled law" that a postconviction proceeding is considered a collateral civil attack on a criminal conviction, rather than an appeal therefrom. State v. Calhoun , 86 Ohio St.3d 279, 281, 714 N.E.2d 905 (1999) ("a postconviction proceeding is not an appeal of a criminal conviction but, rather, a collateral civil attack on the judgment").
{¶ 19} Perry counters that a postconviction motion cannot be converted, or construed as, a civil action. Martin v. Wayne Cty. Natl. Bank Trust , 9th Dist. Wayne No. 03CA0079, 2004-Ohio-4194, 2004 WL 1778822, ¶ 12 ("[a] motion is not a pleading" and "in the context of this case, a party cannot initiate an action by filing a motion"). "Since no civil action was filed, the collateral 'civil' attack in Perry's criminal case could not be used to extend the statute of limitations." Appellant's brief at 5-6.
{¶ 20} Perry's argument is deficient in several respects.
{¶ 21} As an initial matter, postconviction proceedings are not initiated by motion, but, rather, by petition. R.C. 2953.21(A)(1)(a) ("[a]ny person who has been convicted of a criminal offense * * * may file a petition in the court that imposed sentence * * * asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief").
{¶ 22} Moreover, "[w]here a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21." State v. Reynolds , 79 Ohio St.3d 158, 679 N.E.2d 1131 (1997), syllabus.
{¶ 23} On September 28, 2015, Perry filed a Motion for Re-Sentencing based on Void Judgment which was so construed as a petition for postconviction relief. See Perry , 2016-Ohio-7446, 2016 WL 6166735, ¶ 3-4. The appeal of the trial court's denial of Perry's motion/petition was decided on October 24, 2016, thereby terminating the action. A little over a month later, on November 29, 2016, Watkins timely filed the Complaint to Designate Defendant as Vexatious Litigator.
*579 {¶ 24} Finally, we note that Perry's argument equates an "action" as used in R.C. 2323.52 with the "civil action * * * commenced by filing a complaint with the court" as provided for in Civil Rule 3(A). Such an interpretation is overly narrow and contrary to the purpose of the statute. Broadly defined, a civil action is simply a "civil * * * judicial proceeding." Black's Law Dictionary 31 (8th Ed.2004). "More accurately, it is defined to be any judicial proceeding, which, if conducted to a determination, will result in a judgment or decree." Id. , quoting 1 Morris M. Estee, Estee's Pleadings, Practice, and Forms § 3, at 1 (Carter P. Pomeroy ed., 3d ed.1885).
{¶ 25} This broader understanding of an "action" comports with the statute's purpose which is not only "to prevent abuse of the system by those persons who persistently and habitually file lawsuits without reasonable grounds," but also to prevent abuse by those who "otherwise engage in frivolous conduct in the trial courts of this state." (Citation omitted.) Mayer v. Bristow , 91 Ohio St.3d 3, 13, 740 N.E.2d 656 (2000). Such conduct may be initiated through a multitude of post-judgment filings, such as proceedings for postconviction relief, relief from judgment, and the modification of custody/support decrees. See Roo v. Sain , 10th Dist. Franklin No. 04AP-881, 2005-Ohio-2436, 2005 WL 1177940, ¶ 13 ("[i]nterpreting the one-year statute of limitations in R.C. 2323.52(B) as running from the final judgment rendered by the trial court would unduly impair the effectiveness of the vexatious litigator statute by either forcing parties to bring a premature vexatious litigator action in anticipation of subsequent frivolous conduct during appeals or post-judgment proceedings, or losing the right to seek the protection of the statute because of the length of time elapsed between the trial court's judgment and subsequent frivolous conduct upon appeal or in filing Civ.R. 60(B) motions in the trial court").
{¶ 26} The first assignment of error is without merit.
{¶ 27} In the second assignment of error, Perry contends that the trial court erred by issuing a ruling, sua sponte, on the counterclaim when the constitutionality of the vexatious litigator statute was not raised in the motion for summary judgment. Perry cites to the Ohio Supreme Court's decision in Marshall v. Aaron , 15 Ohio St.3d 48, 472 N.E.2d 335 (1984), for the proposition that, "[w]here no motion has been filed, and necessarily no evidence attached thereto, no conclusion, favorable or adverse, is properly available upon which to base an order for summary judgment." Id. at 50, 472 N.E.2d 335 ; Gibbs v. Ohio Adult Parole Auth. , 4th Dist. Ross No. 01CA2622, 2002-Ohio-2311, 2002 WL 1003690, ¶ 11 ("there is no authority for the sua sponte entry of summary judgment in the absence of a pending motion").
{¶ 28} We find no reversible error. In contrast to the Marshall and Gibbs cases, there was a motion for summary judgment filed in the present case. In that motion, the constitutionality of R.C. 2323.52 was asserted. If the constitutional infirmity of the statute precluded the entry of judgment in Watkins' favor, it was necessary for Perry to raise such arguments before the trial court. Perry had the opportunity and the obligation to present his arguments regarding the statute's constitutionality in his Opposition to Watkins' Motion for Summary Judgment.
{¶ 29} Perry counters that Watkins' Motion was filed prior to the filing of his Counterclaim raising the issue of the statute's constitutionality and, therefore, "the short statement [asserting the statute's constitutionality] could not have challenged the counter claim since it did not exist when Watkins filed his motion for summary *580 judgment." Appellant's brief at 8. Regardless of whether Perry's Counterclaim had been filed, the constitutionality issue was before the court by virtue of Watkins' Motion for Summary Judgment.
{¶ 30} Perry further indicates that the basis of his constitutional challenge is unrelated to the claim that he is a vexatious litigator. Perry's constitutional challenge focuses on division (G) of the statute which provides that "no appeal by the person who [has been declared a vexatious litigator] shall lie from a decision of the court of common pleas or court of appeals * * * that denies that person leave for the institution or continuance of, or the making of an application in, legal proceedings in the court of claims or in a court of appeals, court of common pleas, municipal court, or county court." R.C. 2323.52(G). The Counterclaim maintains that division (G) "is unconstitutional as written when applied to an appeal of right from a criminal case and civil action subsequent to a final order being issued by an inferior court."
{¶ 31} In the context of the present case, however, Perry has no standing to raise such an argument in that he has not been denied the right to appeal the determination that he is a vexatious litigator. It is well established that "[a] party has standing to challenge the constitutionality of a statute only insofar as it has an adverse impact on his own rights." Cty. Court of Ulster Cty. v. Allen , 442 U.S. 140, 154-155, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979). The general rule is that, "if there is no constitutional defect in the application of the statute to a litigant, he does not have standing to argue that it would be unconstitutional if applied to third parties in hypothetical situations." Id. at 155, 99 S.Ct. 2213 ; Mastro v. Glavan , 11th Dist. Ashtabula No. 2010-A-0044, 2011-Ohio-3628, 2011 WL 2982412, ¶ 48.
{¶ 32} The second assignment of error is without merit.
{¶ 33} In the third and final assignment of error, Perry contends that he cannot be found a vexatious litigator based on conduct in his criminal case. "Applying the rules of grammar and common usage in O.R.C. § 2323.52, the vexatious litigator statute's plain and unambiguous language expressly addresses the commencement of civil actions to find Perry a vexatious litigator." Appellant's brief at 11. While conceding that postconviction proceedings may constitute collateral civil attacks on a criminal conviction, Perry maintains they do not constitute civil actions so as to come under the censure of the statute: "the trial court was not permitted to convert any collateral 'civil' attack motion/petition and appeal from a final order in [Perry's] criminal case as a civil action to label or declare Perry a vexatious litigator." Appellant's brief at 12-13. Perry misconstrues the statute.
{¶ 34} Perry may be found a "vexatious litigator" if it is shown that he has "habitually, persistently, and without reasonable grounds engaged in vexatious conduct in a civil action or actions * * *." R.C. 2323.52(A)(3). The sort of "conduct" which may support a vexatious litigator determination is not limited to the filing of a civil action, but encompasses "the assertion of a claim, defense, or other position in connection with a civil action, the filing of a pleading, motion, or other paper in a civil action, including, but not limited to, a motion or paper filed for discovery purposes, or the taking of any other action in connection with a civil action." R.C. 2323.51(A)(1)(a). As demonstrated under the first assignment of error, a postconviction proceeding does constitute a civil action, although not initiated by the filing of a complaint pursuant to Civil Rule 3(A).
*581 See Watkins v. Pough , 11th Dist. Trumbull No. 2016-T-0100, 2017-Ohio-7026, 2017 WL 3226047, ¶ 41 ("[w]hile it is accurate that the initial filings prior to conviction and the direct appeal in the underlying criminal matter are not considered for the purposes of making a vexatious litigator finding, the subsequent motions, appeals, and original actions were generally of a civil nature").
{¶ 35} We further emphasize that the trial court was not limited to considering Perry's conduct in any particular proceeding. The statute speaks in terms of "civil action or actions," thus "permit[ting] a court to examine other actions that a person has participated in to determine if that person is a vexatious litigator." (Citation omitted.) Prime Equip. Group, Inc. v. Schmidt , 2016-Ohio-3472, 66 N.E.3d 305, ¶ 19 (10th Dist.).
{¶ 36} The third assignment of error is without merit.
{¶ 37} For the foregoing reasons, the Judgment of the Trumbull County Court of Common Pleas, finding Perry to be a vexatious litigator, is affirmed. Costs to be taxed against appellant.
THOMAS R. WRIGHT, J., concurs,
COLLEEN MARY O'TOOLE, J., dissents.

On April 24, 2017, this court decided State v. Perry , 11th Dist. Trumbull No. 2016-T-0098, 2017-Ohio-1515 [2017 WL 1496458], affirming the trial court's denial of Perry's Motion for Resentencing Based on Void Judgment.

We note that Perry raised the statute of limitations as an affirmative defense in his Answer and in his Opposition to Summary Judgment. In the context of a motion to dismiss, consideration of the limitations defense is limited to the complaint while, in the context of a motion for summary judgment, evidence outside the complaint may be considered. Savoy v. Univ. of Akron , 10th Dist. Franklin No. 11AP-183, 2012-Ohio-1962, 2012 WL 3085515, ¶ 6. In the present case, there was no evidence outside of the Complaint bearing on the issue and, whether considered in the context of a motion to dismiss or a motion for summary judgment, the standard of review is de novo.