[Cite as *State v. Leggett*, **2018-Ohio-1655**.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WILLIAMS COUNTY

State of Ohio                                         Court of Appeals No. WM-17-008

     Appellee                                      Trial Court No. 96CR000032

v.

Jonathon D. Leggett                          **DECISION AND JUDGMENT**

     Appellant                                     Decided:  April 27, 2018

* * * * *

Katherine J. Zartman, Williams County Prosecuting Attorney,
and Stacey S. Stiriz, Assistant Prosecuting Attorney, for appellee.

Jonathan D. Leggett, pro se.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Jonathon D. Leggett, appeals from the September 28, 2017 judgment of the Williams County Court of Common Pleas denying appellant's postconviction motion to set aside his alleged void judgment of conviction journalized on March 6, 2000.  For the reasons which follow, we affirm.  On appeal, appellant asserts the following assignments of error:

ASSIGNMENT OF ERROR #1:  THE JUDGMENT IS VOID IN

THE ABOVE STYLED CASE BECAUSE THE JUDGMENT HAS BEEN

PROCURED BY FRAUD AND IS THEREFORE VOID. THE

JUDGMENT IS ALSO VOID BECAUSE OF IMPROPER PROCEDURE.

ASSIGNMENT OF ERROR #2:  THE CONVICTION IS VOID

BECAUSE OF A VIOLATION OF DUE PROCESS UNDER OHIO

CONST. ART I SEC. 16 AND U.S. CONST.AMEND.XIV.

{¶ 2} The underlying facts in this case were set forth in *State v. Leggett*, 6th Dist. Williams No. WM-97-029, 1998 Ohio App. LEXIS 4078 (Sept. 4, 1998).  This case began in 1992 with the death of a two-year-old child who was in the exclusive care of appellant at the time of her death.  At that time, appellant entered an *Alford* plea, pursuant to *North Carolina v. Alford*, 400 U.S. 25, 27 L.Ed.2d 162, 91 S.Ct. 160 (1970), to one count of negligent child endangerment and one count of obstructing justice.  A nolle prosequi was entered as to the remaining crimes charged in the indictment.

{¶ 3} The prosecutor continued to review the evidence and reevaluate the DNA evidence through specialized testing and eventually determined that appellant could not be ruled out as a contributor.  Therefore, in 1996, appellant was indicted for rape and manslaughter regarding the child's death.  In 2000, appellant was convicted and sentenced to life imprisonment for the rape offense and 10-25 years of imprisonment for the involuntary manslaughter offense.  The sentences were ordered to be served

2.

consecutively. His conviction and sentence were affirmed on appeal. *State v. Leggett*, 6th Dist. Williams No. WM-00-003, 2002 Ohio App. LEXIS 470 (Feb. 8, 2002).

{¶ 4} On appeal, we noted that this court and a federal court had previously rejected appellant's double jeopardy claim and, therefore, found the issue was barred by the doctrine of res judicata. *Id.* at *4. We also rejected claims of bad faith by the prosecution in ordering additional DNA testing and ineffective assistance of counsel, *id.* at *5-6, and found his convictions were not contrary to the manifest weight of the evidence, *id.* at *10. Nonetheless, appellant continues to challenge the DNA evidence and the second indictment.

{¶ 5} On May 2, 2017, appellant filed a pro se postconviction motion for a void judgment asserting his conviction had been procured by a fraud committed by the prosecution. Appellant also argued the judgment of conviction was void and subject to relief under Fed.Civ.R. 60(b)(4). This motion again raised issues regarding the DNA evidence and claims of double jeopardy, as well as an allegation that appellant's juvenile delinquency record was used to enhance his sentence.

{¶ 6} On September 27, 2017, the trial court denied the motion because it was untimely under R.C. 2953.21 and all of the claims are barred by the doctrine of res judicata because they were or could have been raised in prior proceedings. Upon a review of appellant's assignments of error and the judgment of the trial court, we find the trial court did not err in its judgment. Therefore, we find appellant's two assignments of error not well-taken.

3.

**{¶ 7}** Furthermore, the state requests in its brief that appellant be declared a vexatious litigator and be banned from filing any future pro se pleadings. We refer the prosecutor to R.C. 2323.52(B), which provides the remedy for a prosecutor contending with a vexatious litigator. *See Watkins v. Perry*, 11th Dist. Trumbull No. 2017-T-0031, 2017-Ohio-9347, ¶ 25; *Watkins v. Pough*, 11th Dist. Trumbull No. 2016-T-0100, 2017-Ohio-7026, ¶ 41. This court does not have the authority to declare an individual a vexatious litigator. *Howard v. Indus. Comm.*, 6th Dist. Lucas No. L-04-1037, 2004-Ohio-5672, ¶ 6.

**{¶ 8}** Having found that the trial court did not commit error prejudicial to appellant and that substantial justice has been done, the judgment of the Williams County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                             _____
                                                 JUDGE

Thomas J. Osowik, J.                      

                                            _____
Christine E. Mayle, P.J.                     JUDGE
CONCUR.

                                            _____
                                                 JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.