[Cite as *State v. Johnston*, 2013-Ohio-4401.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                                  :

    Plaintiff-Appellee               :              C.A. CASE NO.    25652

v.                                             :              T.C. NO.    00CR841

ADAM C. JOHNSTON                               :              (Criminal appeal from
                                                              Common Pleas Court)

    Defendant-Appellant              :

                                               :

. . . . . . . . . .

**O P I N I O N**

Rendered on the ____30th____ day of ____September____, 2013.

. . . . . . . . . .

MICHELE D. PHIPPS, Atty. Reg. No. 0069829, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

ADAM C. JOHNSTON, #414233, Marion Correctional Institute, P. O. Box 57, Marion, Ohio 43301
    Defendant-Appellant

. . . . . . . . . .

FROELICH, J.

    **{¶ 1}** Adam C. Johnston appeals from a judgment of the Montgomery

County Court of Common Pleas, which denied in part and granted in part Johnston's motions for sentencing and to establish a date for an oral hearing. For the following reasons, the trial court's judgment will be affirmed.

## I. Procedural History

{¶ 2} Johnston was convicted after a jury trial of aggravated murder, aggravated burglary, and burglary arising out of Johnston's entering the home of Bobby Matthews on March 11, 2000 and killing Matthews. In August 2001, the trial court merged the burglary and aggravated burglary counts and sentenced Johnston to life imprisonment for the aggravated murder and to ten years in prison for the aggravated burglary, to be served concurrently. The trial court did not mention post-release control at the sentencing hearing, nor did the court inform Johnston of his appeal rights. Johnston's attorneys told the court that they had "advised [Johnston] that we would file appropriate paperwork for an appeal."

{¶ 3} The trial court's judgment entry stated that "[t]he Court advised the defendant that following the defendant's release from prison, the defendant will/may serve a period of post-release control under the supervision of the parole board." The entry also stated the consequences that Johnston would face if he violated post-release control. The sentencing entry indicated that the trial court had explained Johnston's appellate rights to him.

{¶ 4} Johnston appealed from his conviction, claiming that the trial court erred in failing to instruct the jury on the lesser included offense of voluntary manslaughter. Upon review, we affirmed Johnston's conviction. *State v. Johnston*, 2d Dist. Montgomery No. 19019, 2002-Ohio-3295.

{¶ 5} Ten years later, on October 9, 2012, Johnston filed a motion for resentencing. Johnston argued that the trial court failed to notify him at sentencing that he would be subject to five years of post-release control, that post-release control was mandatory, and of the consequences of violating post-release control. Johnston further stated that the trial court failed to notify him of his appellate rights. Johnston thus claimed that his sentence was void. Johnston identified two additional "fatal" errors: (1) the trial court imposed a "life" sentence, rather than an "indeterminate life" sentence, and (2) the trial court failed to impose a sentence for burglary. Finally, citing *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, Johnston argued that the trial court could not resentence him under R.C. 2929.191. Johnston asked for appointed counsel, an oral hearing date, and a de novo resentencing hearing.

{¶ 6} On November 5, 2012, Johnston reiterated his request for the appointment of counsel and for the trial court to set a date for an oral hearing. Ten days later, the trial court denied Johnston's request for counsel, noting that R.C. 2929.191 did not provide for the appointment of counsel for resentencing to correct the imposition of post-release control. On December 4, 2012, Johnston filed a second motion for resentencing, again seeking an oral hearing and the appointment of counsel.

{¶ 7} On February 1, 2013, the trial court granted in part and overruled in part Johnston's motions for resentencing, granted his motion to set an oral hearing, and ordered a nunc pro tunc sentencing hearing on Johnston's post-release control. With respect to Johnston's claim that post-release control was not properly imposed, the trial court held that Johnston's motions "implicate the provisions of R.C. § 2929.191." The court found that, because Johnston's sentence had not expired, the trial court was authorized to resentence

Johnston to impose a mandatory term of post-release control, and because Johnston's sentence was imposed before July 11, 2006, R.C. 2929.191 applied.

{¶ 8} As for Johnston's claims that the trial court erred in imposing a life sentence, in failing to sentence for burglary, and failing to notify him of his right to appeal, the trial court considered those claims to be constitutional challenges to his sentence, which fell under petitions for post-conviction relief. The trial court noted that res judicata barred the claims, that his claims were untimely, and that the claims had "questionable merit."

{¶ 9} Johnston appeals from the trial court's judgment, raising three assignments of error.

## II. Post-Conviction Relief and Res Judicata

{¶ 10} Johnston's first assignment of error claims that the trial court erred in characterizing several of his claims as a petition for post-conviction relief, because the trial court's alleged errors in imposing a "life" sentence and post-release control and in failing to sentence on burglary were contrary to law, rendering his judgment void.

{¶ 11} Petitions for post-conviction relief are governed by R.C. 2953.21 through R.C. 2953.23. Under these statutes, any defendant who has been convicted of a criminal offense and who claims to have experienced a denial or infringement of his or her constitutional rights may petition the trial court to vacate or set aside the judgment and sentence. R.C. 2953.21(A).

{¶ 12} In seeking resentencing, Johnston did not claim that his constitutional rights were violated. Rather, he asserted that the trial court's judgment was void. Because Johnston's arguments did not raise constitutional challenges, we do not necessarily agree

with the trial court's characterization of his motions as petitions for post-conviction relief. Regardless, we agree with the trial court's conclusion that Johnston's claims, other than his claim regarding post-release control, were barred by res judicata.

{¶ 13} "Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment." *State v. Perry*, 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967).

{¶ 14} Johnston argues that the trial court's judgment of conviction and his resulting sentences were void. A void sentence "is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack." *State v. Parson*, 2d Dist. Montgomery No. 24641, 2012-Ohio-730, ¶ 8; *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 233, ¶ 8.

{¶ 15} Under Ohio law, there are generally "but two reasons that a judgment is void: '[the judgment] has been imposed by a court that lacks subject-matter jurisdiction over the case or the authority to act.' " *Lamb v. Lamb*, 2d Dist. Montgomery No. 24076, 23538, 2011-Ohio-2970, ¶ 12, quoting *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 12. "Unlike a void judgment, a voidable judgment is one rendered by a court that has both jurisdiction and authority to act, but the court's judgment is invalid, irregular, or erroneous." *Parson* at ¶ 8, citing *Simpkins* at ¶ 12. "[D]efendants with a voidable sentence are entitled to resentencing only upon a successful challenge on direct appeal."

*State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 30.

{¶ 16}    The trial court had jurisdiction over Johnston's case and the authority to impose a sentence upon him.   Johnston filed a direct appeal, but he challenged only the court's jury instructions.   Johnston could have raised on direct appeal the trial court's failure to notify him of his appeal rights, its failure to impose a separate sentence for burglary, and its imposition of a "life" sentence.   Johnston failed to do so.   Accordingly, these arguments are barred by res judicata.

{¶ 17}    Johnston's first assignment of error also claims that his sentence was void due to the improper imposition of post-release control.   We will address that argument as part of Johnston's second assignment of error.

{¶ 18} .   Johnston's first assignment of error is overruled.

### III.   Resentencing on the Aggravated Burglary Offense

### to Properly Impose Post-Release Control

{¶ 19}   In his second assignment of error, Johnston states that the trial court could not impose post-release control for the aggravated burglary because he has served the entirety of that sentence.   He also claims that the trial court could not retroactively apply R.C. 2929.191 to him.

{¶ 20}    It is well established that, when a trial court errs in imposing a term of post-release control at sentencing, "that part of the sentence is void and must be set aside." *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 26.   "[O]nly the offending portion of the sentence is subject to review and correction." *Id.* at ¶ 27.   Where post-release control has been improperly imposed, res judicata applies to all other aspects of

the conviction and sentence, including the determination of guilt and the lawful elements of the sentence. *Id*. at ¶ 34. *See also State v. Wilson*, 2d Dist. Montgomery Nos. 24461, 24496, 24501, 2012-Ohio-1660, ¶ 19.

{¶ 21} Johnston asserts that the improper imposition of post-release control rendered his entire sentence void. He relies on a pre-*Fischer* case, *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, in which the Ohio Supreme Court reiterated its prior rulings that a sentence that failed to properly impose post-release control was contrary to law and thus void. In relevant part, *Singleton* was reversed by *Fischer*. Accordingly, only the post-release control portion of Johnston's sentence is void, not the entirety of his sentence.

{¶ 22} As noted by Johnston, the Ohio Supreme Court has held that, where the defendant has already served the sentence ordered by the trial court, the defendant cannot be subject to resentencing in order to correct the trial court's failure to impose post-release control at sentencing. *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, syllabus and ¶ 18; *Hernandez v. Kelly*, 108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301.

{¶ 23} In *State v. Reid*, 2d Dist. Montgomery No. 24841, 2012-Ohio-2666, we addressed the situation where the defendant was sentenced for a 2001 murder, which was not subject to post-release control, and to having a weapon while under disability, which was. Reid was sentenced to 15 years to life for the murder, three years in prison for a firearm specification, and six months in prison for having weapons while under disability. We affirmed the conviction in 2003. In 2011, Reid was required to appear before the trial court for resentencing to correct an error in the imposition of post-release control. The trial court

rejected Reid's claim that he was entitled to a complete de novo sentencing hearing, and it imposed post-release control on the weapons while under disability charge.

{¶ 24} On appeal from the trial court's resentencing, Reid raised an argument that he was prejudiced by the delay in his resentencing. Citing *Fischer*, we rejected that argument, stating:

> The trial court had no discretion to exercise with respect to the imposition of post-release control – it was required by statute to include a provision for post-release control, at the option of the Ohio Adult Parole Authority. Therefore, the delay in imposing this aspect of Reid's sentence cannot have prejudiced him. Furthermore, as the State notes, the error in the imposition of post-release control may be corrected at any time prior to the defendant's release from prison. *State v. Fischer*, ¶ 40.

*Reid* at ¶ 13. *Reid* implicitly stands for the principle that a defendant can be resentenced to correct the imposition of post-release control during his term of imprisonment on offenses stemming from the same indictment, even if he has completed serving the sentence on the offense for which resentencing is required.

{¶ 25} We recognize that some appellate districts in Ohio have disagreed with this approach, and the Ohio Supreme Court has agreed to resolve this conflict in *State v. Holdcroft*, S.Ct. No. 2012-1441, 2012-Ohio-4650, 975 N.E.2d 1028 (Table). The supreme court stated the issue as: "Does a trial court have jurisdiction to resentence a defendant for the purpose of imposing mandatory post-release control regarding a particular conviction, when the defendant has served the stated prison term regarding that conviction, but has yet

to serve the entirety of his aggregate prison sentence, when all of the convictions which led to the aggregate sentence resulted from a single indictment?" However, under our existing authority, we reject Johnston's assertion that he cannot be resentenced for the purpose of properly imposing post-release control on his aggravated burglary charge.

{¶ 26} Johnston further claims that the trial court cannot resentence him for purposes of imposing post-release control using R.C. 2929.191. In response, the State asserts that Johnston's claim is "premature and not ripe for review since the trial court has not re-sentenced Johnston using R.C. 2929.191."

{¶ 27} In 2006, the Ohio legislature enacted R.C. 2929.191, providing courts with a procedure to correct post-release control errors. *See State v. Freeman*, 8th Dist. Cuyahoga No. 99351, 2013-Ohio-3004, ¶ 7. The Supreme Court has held that R.C. 2929.191 applies prospectively and thus does not apply to criminal sentences imposed prior to July 11, 2006, the statute's effective date. *Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, paragraph two of the syllabus. As stated above, the Supreme Court subsequently determined, however, that sentences that failed to properly impose post-release control were only partially void, and could be corrected to properly impose post-release control with a limited sentencing hearing. *Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332. "Therefore, regardless of whether R.C. 2929.191 or *Fischer* applies, a sentence lacking postrelease control notification does not entitle a criminal defendant to a de novo sentencing hearing; rather, the defendant is entitled to be resentenced only on the postrelease control portion of his or her sentence." *Freeman* at ¶ 10.

{¶ 28} In its ruling, the trial court indicated that it would employ R.C. 2929.191

upon resentencing Johnston for purposes of imposing post-release control. However, the trial court has not yet resentenced Johnston. Whether the trial court actually employs the correct procedure upon resentencing is more properly raised in an appeal from that resentencing. Johnston's challenge to the court's anticipated procedure for resentencing, which has not yet occurred, is not ripe.

{¶ 29}  Johnston's second assignment of error is overruled.

### IV.  Sentence for the Merged Burglary Offense

{¶ 30}  In his third assignment of error, Johnston claims that the trial court's failure to sentence him for burglary resulted in his conviction not being a final, appealable order.

{¶ 31}  Appellate courts have jurisdiction to review only final orders or judgments of the lower courts in their district. Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2505.02. Thus, an appellate court has no jurisdiction to review an order or judgment that is not final, and it must be dismissed. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20, 540 N.E.2d 266 (1989).

{¶ 32}  We have held that when the trial court fails to dispose of each charge in the defendant's case, the trial court's sentencing entry as to some charges is merely interlocutory. *State v. Allman*, 2d Dist. Montgomery No. 24693, 2012-Ohio-413; *State v. Sanchez*, 2d Dist. Greene 2006-CA-154, 2009-Ohio-813. In *Sanchez*, the sentencing entry failed to reflect an acquittal as to one count and that another count, for which a mistrial had been granted, had been resolved by retrial or dismissal. We dismissed for lack of a final appealable order on the ground that the trial court had failed to impose a sentence on, or state the disposition of, each charge. Similarly, in *Allman*, we dismissed for lack of final

appealable order when the trial court's purported "final appealable entry and order" satisfied Crim.R. 32(C) for two first-degree misdemeanor charges, but the court did not properly dispose of three additional charges.

**{¶ 33}** In this case, the trial court indicated that Johnston had been convicted of aggravated murder (count 1), aggravated burglary (count 2), and burglary (count 3). The trial court imposed sentences on counts 1 and 2, and indicated that "the Court hereby merges CTS. 2 and 3." Although the court did not impose a sentence on the burglary count, the judgment entry disposes of that charge. Accordingly, the judgment entry is a final appealable order.

**{¶ 34}** In addition, the trial court properly merged the aggravated burglary and burglary charges without imposing a sentence for the burglary. As explained by the Ohio Supreme Court:

> When a defendant has been found guilty of offenses that are allied offenses, R.C. 2941.25 prohibits the imposition of multiple sentences. *[State v.] Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, at ¶ 12. Therefore, a trial court must merge the crimes into a single conviction and impose a sentence that is appropriate for the offense chosen for sentencing. *State v. Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, at ¶ 41–43. * * * As we explained in *Whitfield*, for purposes of R.C. 2941.25, a "conviction" is the combination of a guilt determination and a sentence or penalty. *Whitfield* at ¶ 12.

*State v. Damron*, 129 Ohio St.3d 86, 2011-Ohio-2268, 950 N.E.2d 512, ¶ 11. Accordingly,

after the trial court concluded that Johnston's aggravated burglary and burglary charges were allied offenses of similar import, the trial court was obligated to merge those two offenses and to impose one sentence on the remaining offense, *i.e*. the aggravated burglary charge. The trial court did not err in failing to impose a separate sentence for the burglary charge.

{¶ 35} Johnston's third assignment of error is overruled.

## V.  Conclusion

{¶ 36} The trial court's judgment will be affirmed.

. . . . . . . . . .

DONOVAN, J. and WELBAUM, J., concur.

Copies mailed to:

Michele D. Phipps
Adam C. Johnston
Hon. Mary L. Wiseman