[Cite as *State v. Perry*, 2017-Ohio-1515.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| | : | **CASE NO. 2016-T-0098** |
| - vs - | : | |
| ALFONSIA M. PERRY, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Trumbull County Court of Common Pleas, Case No. 94 CR 42.

Judgment: Affirmed.

*Dennis Watkins,* Trumbull County Prosecutor, and *LuWayne Annos,* Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Alfonsia Perry,* pro se, PID# A300-444, Richland Correctional Institution, P.O. Box 8107, 1001 Olivesburg Road, Mansfield, OH 44905 (Defendant-Appellant).

DIANE V. GRENDELL, J.

{¶1}   Defendant-appellant, Alfonsia Perry, appeals the denial of his Motion for Resentencing Based on Void Judgment by the Trumbull County Court of Common Pleas.  The issue before this court is whether a trial court's failure to expressly state that the defendant would be eligible for parole after serving twenty years of a life sentence renders the sentence void.  For the following reasons we affirm the decision of the court below.

{¶2} On February 1, 1994, the Trumbull County Grand Jury indicted Perry on a single count of Aggravated Murder in violation of R.C. 2903.01.

{¶3} At that time, the penalties for Aggravated Murder were "death or be imprisoned for life, as determined pursuant to sections 2929.022, 2929.03, and 2929.04 of the Revised Code * * *." R.C. 2929.02(A). Pursuant to section 2929.03(A) as it existed in 1994, "[i]f the indictment or count in the indictment charging aggravated murder does not contain one or more specifications of aggravating circumstances * * *, then, following a verdict of guilty of the charge of aggravated murder, the trial court shall impose a sentence of life imprisonment with parole eligibility after serving twenty years of imprisonment on the offender."

{¶4} On October 31, 1994, Perry was found guilty of Aggravated Murder following a jury trial.

{¶5} On November 7, 1994, the trial court issued an Entry on Sentence ordering Perry to be imprisoned "for the determinate period of LIFE, as provided by law * * *."

{¶6} Perry's conviction and sentence have been affirmed in successive appeals. *See State v. Perry,* 11th Dist. Trumbull No. 94-T-5165, 1997 WL 590789 (Aug. 29, 1997) (direct appeal); *State v. Perry,* 11th Dist. Trumbull No. 2008-T-0127, 2009-Ohio-1320 (motion for delayed appeal); *Perry v. McKay,* 11th Dist. Trumbull No. 2009-T-0023, 2009-Ohio-5767 (writ of procedendo); *State v. Perry,* 11th Dist. Trumbull No. 2009-T-0090, 2010-Ohio-713 (motion for new trial); *State v. Perry,* 11th Dist. Trumbull No. 2010-T-0014, 2010-Ohio-2956 (postconviction relief); *State v. Perry*, 11th Dist. Trumbull No. 2014-T-0095, 2015-Ohio-2899 (motion for new trial/judgment on the

pleadings); *State v. Perry*, 11th Dist. Trumbull No. 2016-T-0005, 2016-Ohio-7446 (motion for re-sentencing).

{¶7} On September 12, 2016, Perry filed a Motion for Resentencing Based on Void Judgment.  Perry argued, inter alia, that "because his indictment is void of any specification, the court disregarded the mandates of R.C. 2929.022 and R.C. 2929.03(A)(1) when sentencing him to (LIFE)."

{¶8} On October 11, 2016, the trial court denied Perry's Motion.

{¶9} On October 21, 2016, Perry filed a Notice of Appeal.

{¶10} On appeal, Perry raises the following assignments of error:

{¶11} "[1.] Trial court issued a void judgment when it originally sentenced the defendant to a determinate sentence of life imprisonment."

{¶12} "[2.] Trial court erred finding defendant's motion for resentencing to be a post-conviction relief petition."

{¶13} "[3.] Trial court erred when it failed to re-sentence the defendant after issuing a void judgment."

{¶14} Perry's assignments of error will be considered in a consolidated fashion.

{¶15} The Ohio Supreme Court has often spoken on the issue of "void" sentences.

{¶16} "Crimes are statutory, as are the penalties therefor, and the only sentence which a trial court may impose is that provided for by statute.  A court has no power to substitute a different sentence for that provided for by statute or one that is either greater or lesser than that provided for by law."  *Colegrove v. Burns*, 175 Ohio St. 437, 195 N.E.2d 811 (1964).  "Any attempt by a court to disregard statutory requirements

3

when imposing a sentence renders the attempted sentence a nullity or void." *State v. Beasley*, 14 Ohio St.3d 74, 75, 471 N.E.2d 774 (1984).

**{¶17}** Inasmuch as "[n]o court has the authority to impose a sentence that is contrary to law," the Ohio Supreme Court has rejected the application of res judicata and issue preclusion "to sentences that do not comply with statutory mandates, as those sentences are illegal and subject to collateral attack or direct appeal by any party." *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 23, 35.

**{¶18}** The Ohio Supreme Court has found sentences void where the "trial court fails to impose a statutorily mandated term of postrelease control," "when it fails to include a mandatory driver's license suspension in the offender's sentence," "when it fails to include a mandatory fine in the sentence," and, most recently, where a trial court breaches its "mandatory duty to merge the allied offenses by imposing a single sentence." *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234, ¶ 21, 28 (cases cited).

**{¶19}** Although the Ohio Supreme Court has yet to address the issue of whether the failure to include an express acknowledgement of parole eligibility renders a sentence void, at least one appellate court has ruled that it does not.

**{¶20}** In *State v. Stevens*, 2d Dist. Montgomery No. 26328, 2015-Ohio-2971, the appellant was sentenced to life in prison for Aggravated Murder in 1996. *Id.* at ¶ 2. In 2014, the appellant challenged his sentence, arguing "that his life sentence is void because the trial court failed to state in its judgment entry that he will become eligible for parole after 20 years." *Id.* at ¶ 11. The court of appeals ruled that the "argument may

only be reviewed on direct appeal," and, since the appellant "failed to raise this argument in his direct appeal, res judicata bars him from raising it now." *Id.*

{¶21} In the present case, we need not decide the issue of whether res judicata applies as the failure to include an express statement of Perry's parole eligibility after twenty years does not constitute reversible error.

{¶22} In the present case, Perry was sentenced to life imprisonment "as provided by law," albeit without mention of parole. This sentence accords fully with the provision of R.C. 2929.02(A) as it existed in 1994 that the penalty for Aggravated Murder was life imprisonment as determined pursuant to former R.C. 2929.03, which section explained that the defendant would be eligible for parole after twenty years. The substance of former R.C. 2929.03 has been codified in Ohio Administrative Code 5120-2-10(B), which provides "[a] sentence of life imprisonment imposed pursuant to section 2929.03 of the Revised Code for the offense of aggravated murder shall be presumed to be a sentence of life imprisonment with parole eligibility after twenty years * * *."

{¶23} Accordingly, Perry's sentence carries a presumption of parole eligibility after twenty years despite the Entry on Sentence's silence regarding parole eligibility.[1] *State v. Brown*, 7th Dist. Mahoning No. 14 MA 37, 2014-Ohio-5832, ¶ 36 (in light of Adm.Code 5120-2-10(B), "the life sentence in appellant's case must necessarily read as life with eligibility after twenty years and cannot be read in any other manner under the applicable statutes").

{¶24} The assignments of error are without merit.

---

1. We note that Perry himself understood that he would be eligible for parole after twenty years as evidenced by an August 13, 1997 Motion for Modification of Sentence, wherein he described himself as "currently sentenced to a term of (20) **twenty** years to 'life' for the singular offense of aggravated murder."

{¶25} For the foregoing reasons, the denial of Perry's Motion for Resentencing Based on Void Judgment by the Trumbull County Court of Common Pleas is affirmed. Costs to be taxed against the appellant.


CYNTHIA WESTCOTT RICE, P.J., concurs,

COLLEEN MARY O'TOOLE, J., concurs in judgment only.