[Cite as *State v. Stevens*, 2018-Ohio-4439.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 27872 |
| | : | |
| v. | : | Trial Court Case No. 1996-CR-395/1 |
| | : | |
| JEFFREY E. STEVENS | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 2nd day of November, 2018.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

JEFFREY E. STEVENS, Inmate No. 339-120, Marion Correctional Institution, P.O. Box 57, Marion, Ohio 43302
        Defendant-Appellant, Pro Se

. . . . . . . . . . . . .

WELBAUM, P.J.

{¶ 1} Defendant-appellant, Jeffrey E. Stevens, appeals pro se from a judgment of the Montgomery County Court of Common Pleas overruling his motion for resentencing. For the reasons outlined below, the judgment of the trial court will be affirmed.

**Facts and Course of Proceedings**

{¶ 2} In 1996, Stevens was convicted of three counts of aggravated robbery, one count of attempted aggravated murder, one count of aggravated murder, one count of having weapons under disability, and multiple firearm and prior-offense-of-violence specifications. As a result of his conviction, the trial court sentenced Stevens to an aggregate term of life in prison plus an indefinite prison term of 36 to 58 years. Following his sentencing, Stevens filed a direct appeal from his conviction raising several assignments of error, none of which challenged the validity of his sentence. On April 3, 1998, this court issued an opinion affirming Stevens's conviction. *State v. Stevens*, 2d Dist. Montgomery No. 16509, 1998 WL 151107 (Apr. 3, 1998) ("*Stevens I*").

{¶ 3} Approximately 16 years later in 2014, Stevens filed two successive motions for resentencing. As part of these motions, Stevens claimed his sentence for aggravated murder was void because the judgment entry did not state that he would be eligible for parole after 20 years. The trial court overruled both of Stevens's motions for resentencing in separate entries.

{¶ 4} After Stevens's resentencing motions were overruled, Stevens filed a motion requesting a re-entry of judgment. In that motion, Stevens moved the trial court to re-issue one of its entries overruling his motion for resentencing on grounds that he was not

served a copy of the entry. The trial court overruled the motion for re-entry of judgment, and Stevens appealed.

{¶ 5} On appeal, Stevens challenged the merits of the trial court's decision overruling his motion for resentencing as opposed to the decision he appealed from—the trial court's decision overruling his motion for re-entry of judgment. Specifically, Stevens argued that the life sentence he received for aggravated murder was void because the sentencing entry failed to comply with R.C. 2929.03(A)(1) in that the entry imposed a life sentence without stating that he would be eligible for parole after 20 years.

{¶ 6} After reviewing the matter, this court affirmed the trial court's judgment overruling Stevens's motion for re-entry of judgment. *State v. Stevens*, 2d Dist. Montgomery No. 26328, 2015-Ohio-2971 ("*Stevens II*"). We affirmed the trial court on grounds that this court lacked jurisdiction to address Stevens's argument since it concerned the trial court's judgment overruling Stevens's motion for resentencing, which was not the judgment designated in Stevens's notice of appeal. *Id.* at ¶ 8-9.

{¶ 7} We also held that even if we had jurisdiction to address Stevens's argument on appeal, the argument was barred by res judicata. *Id.* at ¶ 10. Specifically, we found that the trial court's failure to state in its judgment entry that Stevens would become eligible for parole after 20 years only rendered Stevens's sentence voidable, and that voidable sentences may only be challenged on direct appeal. *Id.* at ¶ 11, citing *State v. Johnston*, 2d Dist. Montgomery No. 25652, 2013-Ohio-4401, ¶ 15. Because Stevens did not raise this argument in his direct appeal, we found that res judicata barred him from raising it in his subsequent appeal. *Id.*

{¶ 8} On December 13, 2017, two years after this court's decision in *Stevens II*,

Stevens filed another motion for resentencing. In that motion, Stevens argued that his life sentence for aggravated murder was contrary to law and void because the version of R.C. 2929.03(A) in effect at the time of his sentencing did not authorize a definite term of life in prison. The trial court found otherwise and overruled Stevens's motion for resentencing. The instant appeal followed, in which Stevens raises a single assignment of error for review.

**Assignment of Error**

{¶ 9} Under his sole assignment of error, Stevens contends the trial court erred in overruling the motion for resentencing he filed in 2017. Specifically, Stevens claims the trial court incorrectly determined that the version of R.C. 2929.03(A) in effect at the time he was sentenced authorized a definite term of life in prison for aggravated murder. In support of this claim, Stevens relies on the language of R.C. 2929.03(A), which states: "the trial court shall impose a sentence of life imprisonment *with parole eligibility after serving twenty years of imprisonment on the offender*." (Emphasis added.) R.C. 2929.03(A). According to Stevens, this language does not authorize a definite life term. Therefore, Stevens claims the trial court failed to comply with the statute when it sentenced him to life in prison without specifying his eligibility for parole.

{¶ 10} In essence, Stevens is arguing exactly what he argued in *Stevens II*, namely that his life sentence for aggravated murder was void because the trial court sentenced him to life in prison without specifying that he was eligible for parole after serving 20 years. We find that this argument fails for the same reasons discussed in *Stevens II*, as the argument should have been raised on direct appeal and is barred by res judicata.

*Stevens II*, 2d Dist. Montgomery No. 26328, 2015-Ohio-2971 at ¶ 11, citing *Johnston,* 2d Dist. Montgomery No. 25652, 2013-Ohio-4401, at ¶ 13-16.

**{¶ 11}** Regardless, even if Stevens's argument were not barred by res judicata, it otherwise lacks merit. As previously noted, the version of R.C. 2929.03(A) in effect at the time of Stevens's sentencing provided that, for a charge of aggravated murder, "the trial court shall impose a sentence of life imprisonment with parole eligibility after serving twenty years of imprisonment on the offender." The substance of former R.C. 2929.03(A) has been codified in Ohio Adm.Code 5120-2-10(B), which provides, in relevant part, as follows:

> A sentence of life imprisonment imposed pursuant to section 2929.03 of the Revised Code for the offense of aggravated murder shall be presumed to be a sentence of life imprisonment with parole eligibility after twenty years, subject to diminution under rules 5120-2-05, 5120-2-06 and 5120-2-07 of the Administrative Code, unless the journal entry of the court specifies that parole eligibility is to be after twenty full years or thirty full years.

**{¶ 12}** Pursuant to the plain language of Ohio Adm.Code 5120-2-10(B), Stevens's parole eligibility on the aggravated murder charge is presumed under the law. *See State v. Perry,* 11th Dist. Trumbull No. 2016-T-0098, 2017-Ohio-1515, ¶ 23 (appellant's 1994 life sentence for aggravated murder "carries a presumption of parole eligibility after twenty years despite the [sentencing entry's] silence regarding parole eligibility"); *State v. Brown*, 7th Dist. Mahoning No. 14 MA 37, 2014-Ohio-5832, ¶ 36 (appellant's 1996 life sentence for aggravated murder "must necessarily read as life with [parole] eligibility after twenty years and cannot be read in any other manner under the applicable statutes [including

Ohio Adm.Code 5120-2-10(B)]").   Therefore, even though the trial court did not indicate at sentencing that Stevens would become eligible for parole on his aggravated murder conviction after serving 20 years in prison, such eligibility is presumed since the sentencing entry did not indicate otherwise.

{¶ 13} Because Stevens's argument is barred by res judicata and otherwise lacks merit, Stevens's sole assignment of error is overruled.


**Conclusion**

{¶ 14} Having overruled Stevens's sole assignment of error, the judgment of the trial court overruling his motion for resentencing is affirmed.

. . . . . . . . . . . . .


DONOVAN, J. and TUCKER, J., concur.


Copies sent to:

Mathias H. Heck, Jr.
Andrew T. French
Jeffrey E. Stevens
Hon. Michael W. Krumholtz