[Cite as *State v. Stevens*, 2020-Ohio-825.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28474 |
| | : | |
| v. | : | Trial Court Case No. 1996-CR-395/1 |
| | : | |
| JEFFREY E. STEVENS | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 6th day of March, 2020.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

JEFFREY E. STEVENS, #A339-120, P.O. Box 57, Marion, Ohio 43302
      Defendant-Appellant, Pro Se

. . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Defendant-appellant Jeffrey E. Stevens appeals from an order of the Montgomery County Court of Common Pleas overruling his "Motion to Void/Vacate Sentencing Judgment." Stevens filed a timely notice of appeal with this Court on July 19, 2019.

{¶ 2} In 1996, Stevens was convicted of three counts of aggravated robbery, one count of attempted aggravated murder, one count of aggravated murder, and one count of having weapons under disability, with multiple firearm and prior-offense-of-violence specifications. The trial court sentenced Stevens to an aggregate term of life in prison plus an indefinite prison term of 36 to 58 years. Stevens filed a direct appeal from his conviction raising several assignments of error, none of which challenged the validity of his sentence or the trial court's failure to merge any of his sentences. On April 3, 1998, this court affirmed Stevens's conviction. *State v. Stevens*, 2d Dist. Montgomery No. 16509, 1998 WL 151107 (Apr. 3, 1998) (hereinafter "*Stevens I* ").

{¶ 3} In 2014, Stevens filed two successive motions for resentencing, in which he argued, in part, that his sentence for aggravated murder was void because the judgment entry did not state that he would be eligible for parole after 20 years. The trial court overruled both of Stevens's motions for resentencing in separate entries. Thereafter, Stevens filed a motion requesting a re-entry of judgment asking the trial court to re-issue one of its entries overruling his motion for resentencing on grounds that he was not served a copy of the entry. The trial court overruled the motion for re-entry of judgment.

{¶ 4} Stevens appealed, again arguing that the life sentence he received for aggravated murder was void because the sentencing entry failed to comply with R.C. 2929.03(A)(1) in that the entry imposed a life sentence without stating that he would be

eligible for parole after 20 years. Upon review, we affirmed the trial court's judgment overruling Stevens's motion for re-entry of judgment. *State v. Stevens*, 2d Dist. Montgomery No. 26328, 2015-Ohio-2971 (hereinafter "*Stevens II* "). We held that this Court lacked jurisdiction to address Stevens's argument since it related to the trial court's judgment overruling Stevens's motion for resentencing, which was not the judgment designated in Stevens's notice of appeal. *Id.* at ¶ 8-9. Additionally, we held that even if we had jurisdiction to address Stevens's argument on appeal, the argument was barred by res judicata. *Id.* at ¶ 10. Specifically, we found that the trial court's failure to state in its judgment entry that Stevens would become eligible for parole after 20 years only rendered Stevens's sentence voidable, and that voidable sentences may only be challenged on direct appeal. *Id.* at ¶ 11, citing *State v. Johnston,* 2d Dist. Montgomery No. 25652, 2013-Ohio-4401, ¶ 15. Since Stevens did not raise this argument in his direct appeal, we found that res judicata barred him from raising it in his subsequent appeal. *Id.* We also held that because Stevens failed to raise an allied offense issue in his direct appeal, res judicata barred him from raising it as well. *Id.* at ¶ 12.

{¶ 5} On December 13, 2017, Stevens filed another motion for resentencing, wherein he argued that his life sentence for aggravated murder was contrary to law and void because the version of R.C. 2929.03(A) in effect at the time of his sentencing did not authorize a definite term of life in prison. The trial court overruled Stevens's motion for resentencing. Stevens appealed, arguing that the trial court erred in overruling the motion for resentencing he filed in 2017 because it incorrectly determined that the version of R.C. 2929.03(A) in effect at the time he was sentenced authorized a definite term of life in prison for aggravated murder. In support of his argument, Stevens relied upon the

language of R.C. 2929.03(A), which states: "the trial court shall impose a sentence of life imprisonment with parole eligibility after serving twenty years of imprisonment on the offender." R.C. 2929.03(A).

{¶ 6} In *State v. Stevens*, 2d Dist. Montgomery No. 27872, 2018-Ohio-4439 (hereinafter "*Stevens III*"), we affirmed the judgment of the trial court, stating the following:

> In essence, Stevens is arguing exactly what he argued in *Stevens II*, namely that his life sentence for aggravated murder was void because the trial court sentenced him to life in prison without specifying that he was eligible for parole after serving 20 years. We find that this argument fails for the same reasons discussed in *Stevens II*, as the argument should have been raised on direct appeal and is barred by res judicata. *Stevens II*, 2d Dist. Montgomery No. 26328, 2015-Ohio-2971 at ¶ 11, citing *Johnston*, 2d Dist. Montgomery No. 25652, 2013-Ohio-4401, at ¶ 13-16.

*Id.* at ¶ 10.

{¶ 7} We also held that even if Stevens's argument were not barred by res judicata, pursuant to the plain language of Ohio Adm.Code 5120-2-10(B), Stevens's parole eligibility on the aggravated murder charge is presumed under the law. *Id.* at ¶ 12. "Therefore, even though the trial court did not indicate at sentencing that Stevens would become eligible for parole on his aggravated murder conviction after serving 20 years in prison, such eligibility is presumed since the sentencing entry did not indicate otherwise." *Id.*

{¶ 8} On April 8, 2019, Stevens filed a "Motion to Void/Vacate Sentencing Judgment." Just as he argued unsuccessfully in *Stevens II* and *Stevens III*, Stevens

again asserted that his life sentence for aggravated murder was void because the trial court sentenced him to life in prison without specifying that he was eligible for parole after serving 20 years. Additionally, as he did in *Stevens II*, Stevens argued that the trial court erred when it failed to merge his three aggravated robbery offenses for the purpose of sentencing. In a decision issued on June 19, 2019, the trial court overruled Stevens's motion, holding that both of the arguments advanced by Stevens in his motion were barred by res judicata.

{¶ 9} It is from this judgment that Stevens now appeals.

{¶ 10} Because they are interrelated, Stevens's first and second assignments of error will be discussed together as follows:

> WHERE NO STATUTORY AUTHORITY EXISTS [PURSUANT TO R.C. 2929.03] FOR A SENTENCE OF 'A LIFE TERM,' SUCH A SENTENCE IS CONTRARY TO LAW; AND NON-COMPLIANCE WITH STATUTORY (SENTENCING) REQUIREMENTS RENDERS THE JUDGMENT VOID, FOR LACK OF AUTHORITY TO ACT *** [sic].

> THE AGGRAVATED ROBBERY SENTENCES [HEREIN] ARE CONTRARY TO LAW, AS THEY ARE ALLIED OFFENSES *** [sic] AND MUST BE MERGED PURSUANT TO NONDISCRETIONARY STATUTORY REQUIREMENTS /AUTHORITY.

{¶ 11} In his first assignment, Stevens contends that that his life sentence for aggravated murder was void because the trial court sentenced him to life in prison without specifying that he was eligible for parole after serving 20 years. In his second assignment, Stevens argues that the trial court erred when it failed to merge the

aggravated robberies for sentencing.

{¶ 12} In his first assignment, Stevens is arguing exactly what he argued in *Stevens II* and *Stevens III*: his life sentence for aggravated murder was void because the trial court sentenced him to life in prison without specifying that he was eligible for parole after serving 20 years.   Again, we find that this argument fails for the same reasons discussed in *Stevens II*, as the argument should have been raised on direct appeal and is barred by res judicata. *Stevens II*, 2d Dist. Montgomery No. 26328, 2015-Ohio-2971, at ¶ 11, citing *State v. Johnston*, 2d Dist. Montgomery No. 25652, 2013-Ohio-4401, at ¶ 13-16; *see also Stevens III*, 2d Dist. Montgomery No. 27872, 2018-Ohio-4439, at ¶ 10.

{¶ 13} Stevens's second assignment, that the trial court failed to consider whether the aggravated robberies merged as allied offenses, is also barred by res judicata.   It is well-established that " '[t]he issue of merger of allied offenses of similar import must be raised in an appellant's direct appeal or it is barred by res judicata.' " *State v. Bowman*, 2d Dist. Montgomery No. 26162, 2015-Ohio-1162, ¶ 11, quoting *State v. Martin*, 7th Dist. Mahoning No. 13 MA 178, 2014-Ohio-5723, ¶ 20; *see also State v. Johnson*, 2d Dist. Montgomery No. 25711, 2013-Ohio-4946, ¶ 7.   Therefore, because Stevens failed to raise the allied offenses issue in his direct appeal, res judicata bars him from raising it here. *See Stevens II* at ¶ 12.

{¶ 14} Stevens's First and Second Assignments of Error are overruled.

{¶ 15} Both of Stevens's assignments of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

TUCKER, P.J. and WELBAUM, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Andrew T. French
Jeffrey E. Stevens
Hon. Michael W. Krumholtz