[Cite as *State v. Watkins*, 2020-Ohio-1517.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 19AP-522 |
| | | (C.P.C. No. 14CR-2912) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Wendell X. Watkins, Sr., | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on April 16, 2020

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Sheryl L. Prichard*, for appellee.

**On brief:** *The Law Office of Eric J. Allen, Ltd.*, and *Eric J. Allen*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Defendant-appellant, Wendell X. Watkins, Sr., appeals from a judgment of the Franklin County Court of Common Pleas denying his motion to correct a void judgment. For the following reasons, we affirm.

I. Factual and Procedural Background

{¶ 2} Following a jury trial in January 2016, Watkins was convicted of aggravated burglary, aggravated robbery, robbery, and having a weapon while under disability. The evidence at trial demonstrated that, during the early morning hours of October 21, 2012, Watkins and Ryan Bundy entered the home of David Hayes, brandished a firearm, and robbed Hayes of his substantial gambling winnings from that night. In *State v. Watkins*, 10th Dist. No. 16AP-142, 2016-Ohio-8272, this court affirmed the judgment of conviction

and sentence entered by the Franklin County Court of Common Pleas. Watkins filed an application to reopen the appeal, which this court denied in *State v. Watkins*, 10th Dist. No. 16AP-142 (Oct. 19, 2017) (memorandum decision). In June 2019, Watkins filed a motion to correct a void judgment, arguing his aggravated burglary and aggravated robbery convictions were allied offenses of similar import and thus should have been merged for the purpose of sentencing pursuant to R.C. 2941.25(A). A few weeks later, the trial court summarily denied the motion.

{¶ 3} Watkins timely appeals.

## II. Assignment of Error

{¶ 4} Watkins assigns the following error for our review:

> The trial court abused its discretion in denying appellant's motion to correct a void judgment.

## III. Discussion

{¶ 5} In his sole assignment of error, Watkins alleges the trial court abused its discretion in denying his motion to correct a void judgment. He contends the trial court entered a void judgment when it allegedly imposed multiple punishments for allied offenses of similar import. This assignment of error is not well-taken.

{¶ 6} R.C. 2941.25(A) provides that "[w]here the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one." Consequently, when a "trial court concludes that the accused has in fact been found guilty of allied offenses of similar import, imposing separate sentences for those offenses is contrary to law and the sentences are void on the face of the judgment of conviction." *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, ¶ 29. However, "when a trial court finds that convictions are not allied offenses of similar import, or when it fails to make any finding regarding whether the offenses are allied, imposing a separate sentence for each offense is not contrary to law and any error must be asserted in a timely appeal or it will be barred by principles of res judicata." *Williams* at ¶ 26; *see State v. Stevens*, 2d Dist. No. 28474, 2020-Ohio-825, ¶ 13 (internal quotations omitted) ("[i]t is well-established that the issue of merger of allied offenses of similar import must be raised in an appellant's direct appeal or it is barred by res judicata").

{¶ 7}   At sentencing, Watkins and the state briefly argued as to whether the aggravated burglary and aggravated robbery offenses were allied offenses of similar import. The trial court did not make a finding that the offenses were allied offenses of similar import. Instead, the trial court declined to merge the offenses, and Watkins did not challenge this decision in his direct appeal. Consequently, res judicata principles bar him from raising this issue in a collateral challenge. Because the trial court did not err in overruling Watkins' motion to correct a void judgment, we overrule his sole assignment of error.

## IV. Disposition

{¶ 8}   Having overruled Watkins' sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BROWN and NELSON, JJ., concur.