[Cite as *State v. Reid*, 2022-Ohio-4178.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 29495 |
| | : | |
| v. | : | Trial Court Case No. 2001-CR-00243/1 |
| | : | |
| ANTWAN JERMAINE REID | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 23rd day of November, 2022.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384 Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

ANTWAN JERMAINE REID, Inmate No. 426-983, Chillicothe Correctional Institution, P.O. Box 5500, Chillicothe, Ohio 45601
      Defendant-Appellant, Pro Se

. . . . . . . . . . . . .

TUCKER, P.J.

{¶ 1} Defendant-appellant Antwan Jermaine Reid appeals from a judgment of the Montgomery County Court of Common Pleas overruling his Motion for Nunc Pro Tunc Order to Correct Sentence. For the reasons outlined below, the judgment of the trial court is affirmed.

## I.     Facts and Procedural History

{¶ 2} In May 2002, Reid was convicted of aggravated murder and aggravated robbery. The trial court imposed a life sentence for the aggravated murder conviction and a ten-year sentence for the aggravated robbery conviction; the two sentences were ordered to be served consecutively. The court also sentenced Reid to two three-year prison terms for firearm specifications related to the murder and aggravated robbery convictions. Reid filed an appeal, and this court affirmed his convictions. However, we concluded that the trial court had erred by imposing separate prison sentences for each firearm specification, and we remanded the matter to the trial court with directions to merge the firearm specifications. *State v. Reid*, 2d Dist. Montgomery No. 19352, 2003-Ohio-4087. The trial court filed an amended judgment entry on August 3, 2003.

{¶ 3} In 2013, Reid filed a motion to correct void sentence in which he asserted that his convictions for murder and robbery were allied offenses subject to merger for purposes of sentencing. The trial court overruled the motion, and this court affirmed. *State v. Reid*, 2d Dist. Montgomery No. 35790, 2014-Ohio-1282.

**{¶ 4}** In April 2022, Reid filed a Motion for Nunc Pro Tunc Order to Correct Sentence, in which he claimed that the trial court had erred in its judgment entry because it had stated that he was sentenced to a life sentence on the aggravated murder conviction. Reid contended that the entry should have stated that he had been sentenced to a life sentence with parole eligibility after 20 years. The trial court overruled the motion. Reid appeals.

## II. Analysis

**{¶ 5}** Reid's sole assignment of error states:

THE TRIAL COURT DENIED APPELLANT SUBSTANTIVE DUE PROCESS AND EQUAL PROTECTION OF THE LAW WHEN IT RENDERED A SENTENCE UPON THE DEFENDANT THAT WAS NOT AUTHORIZED BY THE OHIO LEGISLATURE INTENT [SIC], VIOLATING HIS 5TH, 6TH, AND 14TH AMENDMENT RIGHTS TO THE UNITED STATES CONSTITUTIONS [SIC].

**{¶ 6}** Reid asserts that his sentence for aggravated murder is void because the trial court failed to state in its judgment entry that he will become eligible for parole after 20 years.[1]

**{¶ 7}** We previously addressed this exact issue in *State v. Stevens*, 2d Dist.

---

[1] Reid also asserts that the trial court's judgment entry is deficient because it did not set forth how the convictions were rendered, i.e., by plea, jury, or judge. However, Reid did not raise this argument in the trial court, and thus he has waived it for purposes of appeal. Further, the current version of Crim.R. 32 "allows, but does not require, the judgment to specify the specific manner of conviction." Therefore, this argument, even if not waived, lacks merit.

Montgomery No. 27872, 2018-Ohio-4439, wherein we held that a trial court's failure to "state in its judgment entry that [the defendant] would become eligible for parole after 20 years only rendered [the] sentence voidable, and * * * voidable sentences may only be challenged on direct appeal." *Id.* at ¶ 7. Because Reid failed to raise this issue in his direct appeal, it is barred by res judicata.

{¶ 8} Even if the issue were not barred from our consideration, we would find it lacking in merit based on the following analysis set forth in *Stevens*:

> [T]he version of R.C. 2929.03(A) in effect at the time of Stevens's sentencing provided that, for a charge of aggravated murder, "the trial court shall impose a sentence of life imprisonment with parole eligibility after serving twenty years of imprisonment on the offender." The substance of former R.C. 2929.03(A) has been codified in Ohio Adm.Code 5120-2-10(B), which provides, in relevant part, as follows:

> > A sentence of life imprisonment imposed pursuant to section 2929.03 of the Revised Code for the offense of aggravated murder shall be presumed to be a sentence of life imprisonment with parole eligibility after twenty years, subject to diminution under rules 5120-2-05, 5120-2-06 and 5120-2-07 of the Administrative Code, unless the journal entry of the court specifies that parole eligibility is to be after twenty full years or thirty full years.

> Pursuant to the plain language of Ohio Adm.Code 5120-2-10(B), Stevens's parole eligibility on the aggravated murder charge is presumed

under the law. *See State v. Perry*, 11th Dist. Trumbull No. 2016-T-0098, 2017-Ohio-1515, ¶ 23 (appellant's 1994 life sentence for aggravated murder "carries a presumption of parole eligibility after twenty years despite the [sentencing entry's] silence regarding parole eligibility"); *State v. Brown*, 7th Dist. Mahoning No. 14 MA 37, 2014-Ohio-5832, ¶ 36 (appellant's 1996 life sentence for aggravated murder "must necessarily read as life with [parole] eligibility after twenty years and cannot be read in any other manner under the applicable statutes [including Ohio Adm.Code 5120-2-10(B)]"). Therefore, even though the trial court did not indicate at sentencing that Stevens would become eligible for parole on his aggravated murder conviction after serving 20 years in prison, such eligibility is presumed since the sentencing entry did not indicate otherwise.

*Id.* at ¶ 11-12.

{¶ 9} Because the versions of R.C. 2929.03(A) and Ohio Adm.Code 5120-2-10(B) applicable to the *Stevens* case were also in effect at the time Reid was sentenced, the reasoning in *Stevens* compels us to conclude that the trial court did not err with regard to its judgment entry sentencing Reid to life in prison.

{¶ 10} Based upon the foregoing, we conclude that Reid's argument is barred by res judicata and that it otherwise lacks merit. Accordingly, the sole assignment of error is overruled.

### III. Conclusion

{¶ 11} The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and LEWIS, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Andrew T. French
Antwan Jermaine Reid
Hon. Kimberly A. Melnick