OPINION
{¶ 1} Defendant-appellant Mathew E. Mason appeals the June 5, 2006 Judgment Entry of the Ashland County Court of Common Pleas which dismissed his Motion to Order Fingerprint Comparison. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellant was indicted by the Ashland County Grand Jury in November of 1990 on one count of aggravated murder. The indictment alleged appellant murdered Gurcia Johnson on or about December 30, 1985. Appellant's trial commenced on January 17, 1991. The jury found appellant guilty of aggravated murder and the trial court imposed a life sentence of incarceration.
 {¶ 3} Following the trial, appellant filed a motion for new trial. The trial court overruled appellant's motion. Appellant then filed a notice of appeal with this Court. The judgment of the trial court was affirmed in State v. Mason (Aug. 23, 1993), Ashland App. No. CA 975.
 {¶ 4} On September 20, 1993, appellant filed with this Court a notice of appeal to the Supreme Court of Ohio, appealing the judgment entered on August 23, 1993. Appellant filed a motion to certify the record in this matter to the Supreme Court of Ohio for review on September 21, 1993. We overruled appellant's motion on October 18, 1993.
 {¶ 5} Appellant subsequently filed a motion for leave to appeal from the Court of Appeals with the Ohio Supreme Court. The Supreme Court overruled this motion on January 6, 1994, and appellant's appeal was dismissed sua sponte for the reason that no substantial constitutional question existed.
 {¶ 6} After the Ohio Supreme Court dismissed appellant's appeal, appellant filed a petition for writ of certiorari in the United States Supreme Court. The United States Supreme Court remanded the case to this Court for further consideration in light of Stansbury v. California
(1994), 114 S.Ct. 1526. This Court affirmed its opinion and the judgment of the trial court on July 11, 1994. State v. Mason (July 11, 1994), 5th Dist. No. CA-975.
 {¶ 7} Appellant then filed a motion for leave to appeal this decision reaffirming the judgment of the trial court to the Ohio Supreme Court. On December 7, 1994, the Supreme Court of Ohio denied appellant's leave to appeal and dismissed the appeal on the basis that there was no substantial constitutional question presented.
 {¶ 8} On September 23, 1994, appellant filed a motion for post-conviction relief with the trial court. The trial court dismissed the motion on December 13, 1994. Appellant filed a notice of appeal on January 6, 1995. This Court affirmed the trial court's decision dismissing appellant's motion for post-conviction relief. State v.Mason (October 17, 1995), 5th Dist. No. CA1104.
 {¶ 9} On April 17, 2000, appellant filed a Motion for Leave to File a Delayed Motion for a New Trial. In a May 25, 2000 Judgment Entry, the trial court overruled appellant's motion. Appellant filed a Motion to Reconsider. The trial court overruled the motion in a June 6, 2000 Judgment Entry. On June 20, 2000, appellant filed a Notice of Appeal. This Court affirmed the decision of the trial court. State v. Mason
(March 29, 2001), 5th Dist. No. 00COA01373.
 {¶ 10} On April 13, 2001, appellant filed a Memorandum in Support of Jurisdiction with the Ohio Supreme Court. In a June 27, 2001 Judgment Entry, the Ohio Supreme Court dismissed the appeal. In the interim, on May 2, 2001, appellant filed two motions with the Ashland County Court of Common Pleas: a Motion for Fingerprint Comparison at State Expense, and a Motion for Order to Preserve Evidence. In a June 2, 2001 Judgment Entry, the trial court dismissed appellant's motion, stating:
 {¶ 11} "There is no pending open case in the Court. Therefore, this Court lacks jurisdiction to consider the Motions of Defendant currently pending. Therefore, the above two Motions are hereby DISMISSED, accordingly".
 {¶ 12} Appellant subsequently appealed the trial court's decision. This Court affirmed the trial court's decision. State v. Mason, 5th Dist. No. 01COA01423, 2001-Ohio-1579.
 {¶ 13} On March 23, 2005, appellant filed an Application for DNA testing pursuant to R.C. 2953.73. The State filed a response to this motion on April 22, 2005.
 {¶ 14} On April 13, 2005, appellant filed a "Motion to Order Fingerprint Comparison". On April 22, 2005 the State filed a response to this motion.
 {¶ 15} By Judgment Entry filed September 9, 2005 the trial court ordered the Ashland County Prosecuting Attorney to prepare a report pursuant to R.C. 2953.75 concerning the existence of DNA samples to be tested. The Ashland County Prosecuting Attorney filed this report with the trial court on March 27, 2006.
 {¶ 16} In two separate Judgment Entries filed June 5, 2006 the trial court overruled both appellant's motion to order fingerprint comparison and appellant's application for DNA testing stating: "the State of Ohio has substantiated that neither BCI I or [sic.] the Ashland County Sheriff's Department presently has possession of either the eyeglasses or the fingerprints discovered on the glasses." The Court further found that the only biological evidence still in existence is known to have come from the victim.
 {¶ 17} On June 12, 2006 appellant filed a Notice of Appeal. Pursuant to App. R. 3(D) appellant attached only the trial court's Judgment Entry overruling his Motion to Order Fingerprint Comparison. Appellant's docketing statement likewise refers solely to the trial court's decision overruling his Motion to Order Fingerprint Comparison.
 {¶ 18} Appellant herein raises the following assignment of error for our review:
 {¶ 19} "I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN DENYING RELIEF BASED UPON CLEARLY ERRONEOUS FACT DETERMINATION, WHICH DEPRIVED APPELLANT OF EQUAL PROTECTION AND DUE PROCESS OF LAW."
 I. {¶ 20} At the outset we note that appellant, in his Reply Brief concedes that he is not appealing the trial court's denial of his request for DNA testing: "Appellant specifically did not appeal the denial of the DNA Application for the specific reason that te [sic.] trial court's decision was based upon the fact that the state averred that no biological sample exists, clearly adequate reasons to deny the relief requested in the DNA Application." (Appellant's Reply Brief, filed September 8, 2006 at 2). [Emphasis in original].
 {¶ 21} Accordingly, only the trial court's denial of appellant's motion for a fingerprint comparison is presently before this Court.
 {¶ 22} Although in the case at bar, appellant's motion for a fingerprint comparison is not an application for DNA testing, appellant did file such a request with the trial court. Accordingly, the trial court ordered the prosecuting attorney to use reasonable diligence to determine whether biological material was collected from the crime scene or victim of the offense for which the inmate is an eligible inmate and is requesting the DNA testing against which a sample from the inmate can be compared and whether the parent sample of that biological material still exists at this point in time.
 {¶ 23} R.C. 2953.75 states:
 {¶ 24} "(A) If an eligible inmate submits an application for DNA testing under section 2953.73 of the Revised Code, the court shall require the prosecuting attorney to use reasonable diligence to determine whether biological material was collected from the crime scene or victim of the offense for which the inmate is an eligible inmate and is requesting the DNA testing against which a sample from the inmate can be compared and whether the parent sample of that biological material still exists at that point in time. In using reasonable diligence to make those determinations, the prosecuting attorney shall rely upon all relevant sources, including, but not limited to, all of the following:
 {¶ 25} "(1) All prosecuting authorities in the case in which the inmate was convicted of the offense for which the inmate is an eligible inmate and is requesting the DNA testing and in the appeals of, and post conviction proceedings related to, that case;
 {¶ 26} "(2) All law enforcement authorities involved in the investigation of the offense for which the inmate is an eligible offender and is requesting the DNA testing;
 {¶ 27} "(3) All custodial agencies involved at any time with the biological material in question;
 {¶ 28} "(4) the custodian of all custodial agencies described in division (A) (3) of this section;
 {¶ 29} "(5) All crime laboratories involved at any time with the biological material in question;
 {¶ 30} "(6) All other reasonable sources.
 {¶ 31} "(B) The prosecuting attorney shall prepare a report that contains the prosecuting attorney's determinations made under division (A) of this section and shall file a copy of the report with the court and provide a copy to the eligible inmate and the attorney general."
 {¶ 32} R.C. 2953.74(C) (1) requires the court to consider whether there are any comparison samples pursuant to R.C. 2953.75 in determining whether to grant or deny an inmate's application for DNA testing.
 {¶ 33} The prosecuting attorney filed the report required by R.C.2953.75 with the trial court on March 27, 2006. In that report the prosecuting attorney informed the trial court, in relevant part, "[d]efendant's concerns appear to focus on the possible extraction of DNA from fingerprints left on a pair of glasses collected from the crime scene. As demonstrated by Exhibits D, E, and G, the glasses are no longer available for further testing or for DNA extraction."
 {¶ 34} Exhibit E is the Evidence Submission Sheet from BCI I regarding their Case No. 85-33976. Item Number 6 is listed as "One sealed brown bag containing one pair of glasses-latents."
 {¶ 35} Exhibit I submitted by the State is a letter dated February 17, 2006 from the BCI I Laboratory director, Anthony J. Tambasco which states in relevant part: "I have reviewed the evidence storage area which maintains all property collected for use in death investigations. There is no file or evidence in this area with respect to the Gurcia Johnson death investigation."
 {¶ 36} Exhibit G is the same evidence submission sheet as Exhibit E except this copy contains handwritten notations which indicate that all items except Item number 15 were returned to the Sheriffs Department. No date for the return is noted or reference by the State.
 {¶ 37} Exhibit D is a letter from Roger L. Major, Chief Deputy of the Ashland County Sheriff's Department, dated November 21, 2005. In that letter Deputy Major states that "we did look for certain evidence we may still have in the Matt Mason homicide. We find that we no longer have, if we did indeed collect it, the evidence which you are asking for."
 {¶ 38} Although the glasses and the fingerprint evidence existed in 1985, nothing in the record before the trial court or before this Court verifies that those items are currently in existence. Without the existence of either the glasses or the fingerprints lifted from those glasses there is no "parent sample" against which a sample from the inmate can be compared. Accordingly, the trial court's decision overruling appellant's motion for a fingerprint comparison in no way violates appellant's due process or equal protection rights. In reality no discretion was involved in the trial court's decision because the court can not order a comparison when the "parent sample," for want of a better term, no longer exists.
 {¶ 39} Appellant's sole assignment of error is overruled.
 {¶ 40} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Ashland County, Ohio, is hereby affirmed.
By Gwin, P.J.,
Farmer, J., and
Boggins, J., concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Ashland County, Ohio, is hereby affirmed. Costs to appellant.