[Cite as *State v. Mason*, 2020-Ohio-6895.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| STATE OF OHIO | : | JUDGES:<br>Hon. William B. Hoffman, P.J. |
|  | : | Hon. W. Scott Gwin, J. |
| Plaintiff-Appellee | : | Hon. Earle E. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2020CA00023 |
| MATHEW MASON | : |  |
|  | : |  |
| Defendant-Appellant | : | <u>OPINION</u> |


CHARACTER OF PROCEEDING:     Criminal appeal from the Ashland County
                             Court of Common Pleas, Case No.6629

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      December 23, 2020


APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

CHRISTOPHER TUNNELL                   MATHEW MASON #A231-446
Ashland County Prosecutor             Grafton Correctional Institution
BY: AMY R. INZINA                     2500 S. Avon-Belden Rd.
Assistant Prosecutor                  Grafton, OH  44044
110 Cottage Street
Ashland, OH 44805

*Gwin, J.*

{¶1} Defendant-appellant Mathew E. Mason ["Mason"] appeals from the April 1, 2020 Judgment Entry of the Ashland County Court of Common Pleas that overruled Mason's Motion for Relief from Void Sentence and Mason's Application for touch DNA testing.

*Facts and Procedural History*

{¶2} Mason was indicted by the Ashland County Grand Jury in November of 1990 on one count of aggravated murder. The indictment alleged Mason murdered Gurcia Johnson on or about December 30, 1985. Mason's trial commenced on January 17, 1991. The jury found Mason guilty of aggravated murder and the trial court imposed a life sentence of incarceration. *See, State v. Mason,* 5th District Ashland No. 2006-COA18, 2006-Ohio-6388.

{¶3} Following the trial, Mason filed a motion for new trial. The trial court overruled Mason's motion. Mason then filed a notice of appeal with this Court. The judgment of the trial court was affirmed in *State v. Mason,* 5th Dist. Ashland No. CA 975, 1993 WL 360746(Aug. 23, 1993).

{¶4} On September 20, 1993, Mason filed with this Court a notice of appeal to the Supreme Court of Ohio, appealing the judgment entered on August 23, 1993. Mason filed a motion to certify the record in this matter to the Supreme Court of Ohio for review on September 21, 1993. We overruled Mason's motion on October 18, 1993.

{¶5} Mason subsequently filed a motion for leave to appeal from the Court of Appeals with the Ohio Supreme Court. The Supreme Court overruled this motion on January 6, 1994, and Mason's appeal was dismissed sua sponte for the reason that no

substantial constitutional question existed. *State v. Mason,* 68 Ohio St.3d 1423, 624 N.E.2d 731(1991).

{¶6}    After the Ohio Supreme Court dismissed Mason's appeal, he filed a petition for writ of certiorari in the United States Supreme Court. The United States Supreme Court remanded the case to this Court for further consideration in light of  S*tansbury v. California* 511 U.S. 318, 114 S.Ct. 1526, 128 L.Ed.2d 293 (1994). *Mason v. Ohio,* 511 U.S. 1138, 114 S.Ct. 2158, 128 L.Ed.2d 882(1994).  This Court affirmed its opinion and the judgment of the trial court on July 11, 1994. *State v. Mason,* 5th Dist. No. Ashland No. CA-975, 1994 WL 395888(July 11, 1994).

{¶7}    Mason then filed a motion for leave to appeal this decision reaffirming the judgment of the trial court to the Ohio Supreme Court. On December 7, 1994, the Supreme Court of Ohio denied Mason's leave to appeal and dismissed the appeal on the basis that there was no substantial constitutional question presented. *State v. Mason,* 71 Ohio St.3d 1421, 624 N.E.2d 386(Table)(1994).

{¶8}    On September 23, 1994, Mason filed a motion for post-conviction relief with the trial court. The trial court dismissed the motion on December 13, 1994. Mason filed a notice of appeal on January 6, 1995. This Court affirmed the trial court's decision dismissing appellant's motion for post-conviction relief. *State v. Mason* 5th Dist. Ashland No. CA1104, 1995 WL 768559(Oct. 17, 1995).

{¶9}    On April 17, 2000, Mason filed a Motion for Leave to File a Delayed Motion for a New Trial. In a May 25, 2000 Judgment Entry, the trial court overruled Mason's motion. Mason filed a Motion to Reconsider. The trial court overruled the motion in a June 6, 2000 Judgment Entry. On June 20, 2000, Mason filed a Notice of Appeal. This Court

affirmed the decision of the trial court. *State v. Mason*, 5th Dist. Ashland No. 00COA01373, 2001 WL 326873 (Mar. 29, 2001).

{¶10} On April 13, 2001, Mason filed a Memorandum in Support of Jurisdiction with the Ohio Supreme Court. In a June 27, 2001 Judgment Entry, the Ohio Supreme Court dismissed the appeal. In the interim, on May 2, 2001, Mason filed two motions with the Ashland County Court of Common Pleas: a Motion for Fingerprint Comparison at State Expense, and a Motion for Order to Preserve Evidence. In a June 2, 2001 Judgment Entry, the trial court dismissed appellant's motion, stating, "There is no pending open case in the Court. Therefore, this Court lacks jurisdiction to consider the Motions of Defendant currently pending. Therefore, the above two Motions are hereby DISMISSED, accordingly". Mason subsequently appealed the trial court's decision. This Court affirmed the trial court's decision. *State v. Mason*, 5th Dist. Ashland No. 01COA01423, 2001-Ohio-1579.

{¶11} On March 23, 2005, Mason filed an Application for DNA testing pursuant to R.C. 2953.73. The State filed a response to this motion on April 22, 2005. On April 13, 2005, Mason filed a "Motion to Order Fingerprint Comparison". On April 22, 2005, the State filed a response to this motion. By Judgment Entry filed September 9, 2005, the trial court ordered the Ashland County Prosecuting Attorney to prepare a report pursuant to R.C. 2953.75 concerning the existence of DNA samples to be tested. The Ashland County Prosecuting Attorney filed this report with the trial court on March 27, 2006.

{¶12} In two separate Judgment Entries filed June 5, 2006 the trial court overruled both Mason's motion to order fingerprint comparison and Mason's application for DNA testing stating, "The State of Ohio has substantiated that neither BCI & I or [sic.] the

Ashland County Sheriff's Department presently has possession of either the eyeglasses or the fingerprints discovered on the glasses." The Court further found that the only biological evidence still in existence is known to have come from the victim.

{¶13}   On June 12, 2006 Mason filed a Notice of Appeal. Pursuant to App. R. 3(D) appellant attached only the trial court's Judgment Entry overruling his Motion to Order Fingerprint Comparison. Mason's docketing statement likewise referred solely to the trial court's decision overruling his Motion to Order Fingerprint Comparison. After finding that "only the trial court's denial of appellant's motion for a fingerprint comparison is presently before this Court," this Court affirmed the decision of the trial court, holding,

> Although the glasses and the fingerprint evidence existed in 1985, nothing in the record before the trial court or before this Court verifies that those items are currently in existence. Without the existence of either the glasses or the fingerprints lifted from those glasses there is no "parent sample" against which a sample from the inmate can be compared. Accordingly, the trial court's decision overruling appellant's motion for a fingerprint comparison in no way violates appellant's due process or equal protection rights. In reality no discretion was involved in the trial court's decision because the court cannot order a comparison when the "parent sample," for want of a better term, no longer exists.

5th Dist. Ashland No. 2006-COA-18, 2006-Ohio-6388, ¶38.

{¶14}  On March 2, 2020, Mason filed an Application for DNA testing seeking "'Touch DNA' testing and analysis on all physical evidence and exhibits from crime scene, including clothing of victim and everything else." Also, on March 2, 2020, Mason filed a

Motion for Relief from Void Sentence claiming that the life sentence imposed by the trial court in 1991 was not authorized by law because R.C. 2929.03 and R.C. 2929.04 only authorized a sentence of "twenty years to life" on a conviction for Aggravated Murder without any specifications. The state responded on March 16, 2020. By Judgment Entry filed April 1, 2020, the trial court overruled both of Mason's motions.

*Assignments of Error*

{¶15} Mason, pro se, raises two Assignments of Error:

{¶16} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW BY DENYING APPELLANT'S MOTION FOR RELIEF FROM VOID JUDGMENT.

{¶17} "II. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY DENYING APPELLANT'S MOTION FOR "TOUCH DNA" TESTING ON AVAILABLE PHYSICIAL EVIDENCE."

I.

{¶18} In his First Assignment of Error, Mason contends that the life sentence imposed by the trial court in 1991 was not authorized by law because R.C. 2929.03 and R.C. 2929.04 only authorized a sentence of "twenty years to life" on a conviction for Aggravated Murder without any specifications.

**Standard of Appellate Review.**

{¶19} We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 146 Ohio St.3d 516, 2016–Ohio–1002, 59 N.E.3d 1231, ¶ 22*; State v. Howell,* 5th Dist. Stark No. 2015CA00004, 2015-Ohio-4049, ¶ 31.

{¶20} In *State v. Gwynne,* a plurality of the Supreme Court of Ohio held that an appellate court may only review individual felony sentences under R.C. 2929.11 and R.C.

2929.12, while R.C. 2953.08(G)(2) is the exclusive means of appellate review of consecutive felony sentences.　158 Ohio St.3d 279, 2019-Ohio-4761, ¶16-18; *State v. Anthony,* 11th Dist. Lake No. 2019-L-045, 2019-Ohio-5410, ¶60.

{¶21} R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law.　*See, also, State v. Bonnell*, 140 Ohio St.3d 209, 2014–Ohio–3177, 16 N.E.2d 659, ¶ 28; *State v. Gwynne,* ¶16.

{¶22} Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford,* 161 Ohio St. 469, 120 N.E.2d 118(1954), paragraph three of the syllabus.　*See* also, *In re Adoption of Holcomb*, 18 Ohio St.3d 361, 481 N.E.2d 613 (1985). "Where the degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof."　*Cross,* 161 Ohio St. at 477 120 N.E.2d 118.

**Issue for Appellate Review:** *Whether the record clearly and convincing does not support Mason's sentence or the sentence is otherwise contrary to law.*

{¶23} Mason is correct in one respect. Both at the time of the crime in 1985 and at the time of sentencing in 1991, R.C. 2929.03 provided, in relevant part,

(A) If the indictment or count in the indictment charging aggravated

murder does not contain one or more specifications of aggravating

circumstances listed in division (A) of section 2929.04 of the Revised Code, then, following a verdict of guilty of the charge of aggravated murder, the trial court shall impose sentence of life imprisonment with parole eligibility after serving twenty years of imprisonment on the offender.

**{¶24}** Mason is also correct in that the trial court sentenced Mason as follows,

The Defendant will rise. Mathew E. Mason, a jury having found you guilty of the crime of Aggravated Murder, in violation of Revised Code Section 2903.01(A), as charged in the Indictment, it is the sentence of this Court that you be committed to the Department of Rehabilitation and Correction for placement in a proper penal institution for the term of your natural life.

9T. Jan. 30 and 31, 1991 at 1798[1]. The substance of former R.C. 2929.03(A) has been codified in Ohio Adm.Code 5120-2-10(B), which provides, in relevant part, as follows:

A sentence of life imprisonment imposed pursuant to section 2929.03 of the Revised Code for the offense of aggravated murder shall be presumed to be a sentence of life imprisonment with parole eligibility after twenty years, subject to diminution under rules 5120-2-05, 5120-2-06 and 5120-2-07 of the Administrative Code, unless the journal entry of the court specifies that parole eligibility is to be after twenty full years or thirty full years.

---

[1] For clarity, the jury trial transcript will be referred to as, "__T.__," signifying the volume and the page number.

{¶25}   Pursuant to the plain language of Ohio Adm.Code 5120-2-10(B), Mason's parole eligibility on the aggravated murder charge is presumed under the law. *See State v. Perry*, 11th Dist. Trumbull No. 2016-T-0098, 2017-Ohio-1515, ¶ 23 (appellant's 1994 life sentence for aggravated murder "carries a presumption of parole eligibility after twenty years despite the [sentencing entry's] silence regarding parole eligibility"); *State v. Brown*, 7th Dist. Mahoning No. 14 MA 37, 2014-Ohio-5832, ¶ 36 (appellant's 1996 life sentence for aggravated murder "must necessarily read as life with [parole] eligibility after twenty years and cannot be read in any other manner under the applicable statutes [including Ohio Adm.Code 5120-2-10(B)]"). Therefore, even though the trial court did not indicate at sentencing that Mason would become eligible for parole on his aggravated murder conviction after serving 20 years in prison, such eligibility is presumed since the sentencing entry did not indicate otherwise. *See also, State v. Stevens,* 2nd Dist. Montgomery No. 27872, 2018-Ohio-4439, ¶ 11-¶12; *State v. Perdue,* 7th Dist. Mahoning No. 16 MA 0156, 2017-Ohio-7586, ¶16-¶17.

{¶26}   A review of the Ohio Department of Rehabilitation and Correction website reveals that Mason is serving a 20 year to life sentence. [https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A231446 (accessed Dec. 16, 2020)]. His next Parole Hearing/Review is in March 2022.

{¶27}   Mason's argument that his sentence is void likewise must fail.

{¶28}   The Ohio Supreme Court has recently rejected the last three decades of the Court's void-sentence analysis, and returned to the traditional understanding of the distinction between void and voidable sentences. In *State v. Henderson*, Slip Opinion No. 2020-Ohio-4784 (Oct., 2020), the Court held,

A judgment or sentence is void only if it is rendered by a court that lacks subject-matter jurisdiction over the case or personal jurisdiction over the defendant. If the court has jurisdiction over the case and the person, any sentence based on an error in the court's exercise of that jurisdiction is voidable. Neither the state nor the defendant can challenge the voidable sentence through a post-conviction motion.

*Henderson*, ¶43. The court observed,

There is no dispute that the trial court's sentence was unlawful. Former R.C. 2929.02(B), Am.Sub.S.B. No. 107, 157 Ohio Laws, Part IV, 7435, required that Henderson receive an indefinite sentence of 15 years to life, and the court failed to impose that sentence. The state had a full and fair opportunity to object to or challenge the trial court's sentence. It did not. In fact, it did not seek to correct the error for almost 12 years, and it then waited 6 more years before filing the motion at issue in this appeal. Because the sentencing error rendered the sentence voidable, the state's attempt to correct the error in a postconviction motion for resentencing was improper.

*Henderson*, ¶ 40. *See also, State v. Tate,* 5th Dist. Richland On. 2019CA119, 2020-Ohio-4980.

{¶29}   In the case at bar, Mason had a full and fair opportunity to challenge the wording of trial court's sentence. Mason has waited over thirty years before filing the motion in the trial court. Because any error in the manner in which the trial court imposed sentence in Mason's case rendered the sentence voidable, Mason attempt to correct the

error in a post-conviction motion is improper. Accordingly, the trial court did not err in dismissing Mason's motion.

{¶30} Mason's First Assignment of Error is overruled.

II.

{¶31} In his Second Assignment of Error, Mason maintains the trial court abused its discretion and denied his right to due process of law when it denied his application for touch DNA analysis.

**Standard of Appellate Review – Application for Post-conviction DNA testing.**

{¶32} In *State v. Buhler,* the Ohio Supreme Court held,

1. A careful, commonsense reading of R.C. 2953.74(C) in pari materia with R.C. 2953.72 and 2953.73 and the remainder of R.C. 2953.74 illustrates the intent of the General Assembly to authorize the trial court to exercise its discretion in how to proceed when ruling on an eligible inmate's application for DNA testing.

2. When an eligible inmate files an application for DNA testing pursuant to R.C. 2953.73, a trial court should exercise its discretion based upon the facts and circumstances presented in the case as to whether it will first determine whether the eligible inmate has demonstrated that the DNA testing would be outcome-determinative, or whether it should order the prosecuting attorney to prepare and file a DNA evidence report pursuant to R.C. 2953.75.

113 Ohio St.3d 114, 2007-Ohio-1246, 863 N.E.2d 124, paragraphs 1 and 2 of the syllabus.

{¶33}  R.C. 2953.72(A)(8) provides that when requesting DNA testing pursuant to R.C. 2953.71 through 2953.81, an eligible offender must submit an acknowledgment form stating that,

> The court of common pleas has the sole *discretion* subject to an appeal as described in this division to determine whether an offender is an eligible offender and whether an eligible offender's application for DNA testing satisfies the acceptance criteria described in division (A)(4) of this section and whether the application should be accepted or rejected, that if the court of common pleas rejects an eligible offender's application, the offender may appeal the rejection, and that no determination otherwise made by the court of common pleas in the exercise of its discretion regarding the eligibility of an offender or regarding post-conviction DNA testing under [sections 2953.71 through 2953.81 of the Revised Code] is reviewable by or appealable to any court.

(Emphasis added; language severed as unconstitutional omitted, see *Noling III*, 149 Ohio St.3d 327, 2016-Ohio-8252, 75 N.E.3d 141, at ¶ 60); *State v. Noling,* 153 Ohio St.3d 108, 2018-Ohio-795, 101 N.E.3d 435, ¶31.  As the Supreme Court has observed,

> The text of R.C. 2953.72(A)(8) specifically notes that three of the trial court's discretionary decisions regarding DNA testing are appealable: (1) whether Noling is an eligible offender, (2) whether Noling's application satisfied the acceptance criteria, and (3) whether Noling's application should have been accepted or rejected.  As a result, appellate courts do not have jurisdiction to hear Noling's claims that appeal discretionary decisions

made by the trial court that do not relate to one of these three specifically listed exceptions. R.C. 2953.72 (A)(8) does not recognize any limits as to an applicant's right to appeal a court's failure to fulfill a mandatory duty; in fact, the division is entirely silent on that issue.

* * *

Examining the limits explained in R.C. 2953.72(A)(8) and (A)(9) in conjunction, it is clear that an appellate court has jurisdiction over a claim raised by an offender who requests DNA testing if the claim challenges any of the three discretionary decisions specifically listed as appealable in R.C. 2953.72(A)(8) or if the claim is that the trial court failed to fulfill a mandatory duty. Appellate courts do not have jurisdiction over claims that the trial court made incorrect discretionary decisions—other than the three specifically listed appealable issues—or claims asserting that the trial court performed a mandatory duty but that the manner in which that duty was performed was improper.

*State v. Noling,* 153 Ohio St.3d 108, 2018-Ohio-795, 101 N.E.3d 435, ¶32; ¶37.

{¶34} An abuse of discretion exists where the reasons given by the court for its action are clearly untenable, legally incorrect, or amount to a denial of justice, or where the judgment reaches an end or purpose not justified by reason and the evidence. *Tennant v. Gallick,* 9th Dist. Summit No. 26827, 2014-Ohio-477, ¶35; In *re Guardianship of S .H.,* 9th Dist. Medina No. 13CA0066–M, 2013–Ohio–4380, ¶ 9; *State v. Firouzmandi,* 5th Dist. Licking No .2006–CA–41, 2006–Ohio–5823, ¶54.

**Issue for Appellate Review**: *Whether the trial court abused its discretion in denying Mason's application for post-conviction DNA testing.*

{¶35} *1. R.C. 2953.71.*

{¶36} The procedure for reviewing and accepting DNA-test applications is set forth in R.C. 2953.71 through 2953.82. After an eligible inmate submits a DNA-test application, R.C. 2953.73(D) states that the trial court "shall make the determination as to whether the application should be accepted or rejected. * * * The court shall make the determination in accordance with the criteria and procedures set forth in [R.C.] 2953.74 to 2953.81." R.C. 2953.73(D) also requires the trial court to consider the application and all corresponding and pertinent files, records, affidavits, documentary evidence, and all materials regarding the proceedings against defendant, "unless the application and the files and records show [that defendant] is not entitled to DNA testing, in which case the application may be denied." Id. Following its determination, the trial court shall enter a judgment and order that accepts or rejects the application. R.C. 2953.73(D) mandates that the trial court shall state the reasons for the acceptance or rejection, based on the criteria and procedures of R.C. 2953.71 to 2953.81, within the judgment and order.

{¶37} In the case at bar, Mason has not submitted any evidence that touch DNA would exist in a quantity or quality sufficient to obtain a parent sample capable of comparison some 36 years after the crime and after handling by numerous personnel.

{¶38} Mason's case would fall under Section (B)(1) because the clothing and other items did not have a DNA test taken at the trial stage.

{¶39} *2. R.C. 2953.74.*

{¶40} R.C. 2953.74(B) states:

(B) If an eligible inmate submits an application for DNA testing under section 2953.73 of the Revised Code, the court may accept the application only if one of the following applies:

(1) *The inmate did not have a DNA test taken at the trial stage in the case in which the inmate was convicted of the offense for which the inmate is an eligible inmate and is requesting the DNA testing regarding the same biological evidence that the inmate seeks to have tested*, the inmate shows that DNA exclusion when analyzed in the context of and upon consideration of all available admissible evidence related to the subject inmate's case as described in division (D) of this section would have been outcome determinative at that trial stage in that case, *and,* at the time of the trial stage in that case, DNA testing was not generally accepted, the results of DNA testing were not generally admissible in evidence, or DNA testing was not yet available.

(2) The inmate had a DNA test taken at the trial stage in the case in which the inmate was convicted of the offense for which the inmate is an eligible inmate and is requesting the DNA testing regarding the same biological evidence that the inmate seeks to have tested, the test was not a prior definitive DNA test that is subject to division (A) of this section, and the inmate shows that DNA exclusion when analyzed in the context of and upon consideration of all available admissible evidence related to the subject inmate's case as described in division (D) of this section would have been outcome determinative at the trial stage in that case.

{¶41}  *3. Mason did not satisfy all six of the conditions necessary for the trial court to accept his post-conviction DNA application.*

{¶42}  "A court may accept an R.C. 2953.73 application for DNA testing only if it determines that six conditions apply, two of which are central to this appeal."  *State v. Bonnell,* 155 Ohio St.3d 176, 2018-Ohio-4069(2018), ¶19.  First, the court must find that "the identity of the person who committed the offense was at issue."  R.C. 2953.74 (C)(3).  And second,

> A trial court may accept a DNA application only if it determines that "if DNA testing is conducted and an exclusion result is obtained, the exclusion result would be outcome determinative."  R.C. 2953.74(C)(4).  In its current form, the Revised Code defines "outcome determinative" to mean that, had the testing been presented at trial and admitted into evidence, when considered alongside the other evidence in the case, "there is a strong probability that no reasonable factfinder would have found the offender guilty of [the] offense or, if the offender was sentenced to death relative to that offense, would have found the offender guilty of the aggravating circumstance or circumstances the offender was found guilty of committing and that is or are the basis of that sentence of death." R.C. 2953.71(L).

*Bonnell,* ¶19.

*a. Testing of the clothing and other items of evidence would not be outcome determinative.*

{¶43}  Mason contends that the trial court erred in its determination that he was not entitled to DNA testing (assuming any materials exist for testing) because he argues

the results would be outcome determinative. Mason did not submit any evidence in support of his motion.

{¶44}   If Mason's DNA was recovered from the victim's clothing or other evidence, assuming any still exists, that would be evidence to support his guilt.

{¶45}   If Mason's DNA was not recovered from any of the items, that would not be outcome determinative. Mason was convicted after a jury trial without any DNA evidence. At trial a hair recovered from the victim's jacket was determined not to belong to Mason. The jury nonetheless found Mason guilty beyond a reasonable doubt.

{¶46}   If a third party's DNA was recovered, that would not be outcome determinative.  Testimony at trial revealed that the victim was playing pool with two white males. *See, State v. Mason,* 5th Dist. Ashland No. CA-975, 1993 WL 360746 (Aug. 23, 1993), at *2. The victim and two white males left the bar to go and purchase some marijuana. Id. The three of them and another female smoked the marijuana. Id. The victim and two white males and another female Latreava Persue left the bar together and all got into an orange pickup truck. Id.

{¶47}   Thus, even if someone else's DNA were found on the evidence, that evidence would not reasonably exclude Mason as a perpetrator of the crime at issue. Such evidence would establish only that someone else had touched the victim's clothing and had contact with the victim. It would not negate the overwhelming evidence of Mason's own involvement in the crime. In the words of R.C. 2953.71(L), the requested testing would not create "a strong probability that no reasonable factfinder would have found [Mason] guilty of th[e] offense [.]"

{¶48} In the case sub judice, in order for the trial court to find that touch DNA evidence on the clothing would be outcome determinative, it would have to disregard all the evidence provided at trial. See, *State v. Mason,* 5th Dist. Ashland No. CA-975, 1993 WL 360746 (Aug. 23, 1993). A review of the record establishes that this evidence was substantial and therefore, the trial court did not abuse its discretion when the court determined that DNA testing would not be outcome determinative.

{¶49} Based upon the foregoing, Mason has failed to demonstrate any of the evidence that he sought to test could be outcome determinative [R.C. 2953.74 (B)(1); (C)(4)]. Accordingly, we find no error in the trial court's denial of his application for post-conviction DNA testing.

{¶50} Mason's Second Assignment of Error is overruled.

{¶51} The judgment of the Ashland County Court of Common Pleas is affirmed.

By Gwin, J.,

Hoffman, P.J., and

Wise, Earle E., J., concur