[Cite as *State v. Lockhart*, 2022-Ohio-3192.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Earle E. Wise, Jr., P. J. |
| Plaintiff-Appellee | Hon. W. Scott Gwin, J.<br>Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 22 CAA 07 0056 |
| JOHN C. LOCKHART, JR. | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal Appeal from the Court of Common
Pleas, Case No.  06 CR I 01 011


JUDGMENT:     Affirmed


DATE OF JUDGMENT ENTRY:     September 12, 2022


APPEARANCES:

For Plaintiff-Appellee                          For Defendant-Appellant

MELISSA A. SCHIFFEL                      JOHN C. LOCKHART, JR.
PROSECUTING ATTORNEY             PRO SE
CHRISTOPHER E. BALLARD            4403 St. Clair Avenue
ASSISTANT PROSECUTOR              Cleveland, Ohio  44103
145 North Union Street, 3rd Floor
Delaware, Ohio  43015

*Wise, John, J.*

{¶1} Appellant John C. Lockhart, Jr. appeals his conviction on three counts of Rape and three counts of Gross Sexual Imposition, entered in the Delaware County Court of Common Pleas following a jury trial.

{¶2} Appellee is the state of Ohio.

### STATEMENT OF THE FACTS AND CASE

{¶3} The relevant facts and procedural history are as follows:

{¶4} On January 13, 2006, Appellant John C. Lockhart, Jr. was indicted by the Delaware County Grand Jury on three counts of rape and three counts of gross sexual imposition.

{¶5} On July 20, 2006, the matter proceeded to jury trial, with Appellant being convicted of one count of rape and three counts of gross sexual imposition.

{¶6} Following his sentencing, Appellant filed a direct appeal where this Court affirmed his convictions. *State v. Lockhart,* 5th Dist. Delaware No. 06CAA100080, 2008-Ohio-57, *appeal not allowed,* 118 Ohio St.3d 1434, 2008-Ohio-2595, 887 N.E.2d 1203.

{¶7} Appellant has filed numerous motions and appeals in this and other courts challenging his conviction and sentence.

{¶8} On March 9, 2021, Appellant filed a "motion for new advanced technology genetic genealogy testing (D.N.A.) of victim's panties" with the trial court.

{¶9} By Judgment Entry filed March 15, 2021, the trial court denied Appellant's motion, stating that Appellant must file the application form described in R.C. §2953.72, and serve it upon the prosecuting attorney and the Ohio Attorney general for such an application to be considered.

**{¶10}** On March 25, 2021, Appellant filed the needed application form. Appellee filed a response to Appellant's application on May 6, 2021.

**{¶11}** By Judgment Entry filed May 10, 2021, the trial court denied Appellant's application.

**{¶12}** On May 24, 2021, Appellant filed a motion for reconsideration of the denial, which the trial court denied on June 18, 2021.

**{¶13}** On July 12, 2021, Appellant then filed an Appeal of the trial court's denial. This Court dismissed that appeal as untimely filed on November 3, 2021. *State v. Lockhart,* 5th Dist. Delaware No. 21 CAA 07 0036, 2021-Ohio-3912.

**{¶14}** On June 13, 2022, Appellant filed a "Motion to Release Evidence from the Delaware City Police Department for New Genetic Genealogy Testing." This motion raised essentially the same argument as that put forth by Appellant in his March, 2021, application for DNA testing, with the addition of specifically requesting that the DNA profile from the cutting from the victim's panties be compared with a standard from the victim's mother.

**{¶15}** By Judgment Entry filed June 13, 2022, the trial court denied such said motion, citing the reasoning set forth in its May 10, 2021, decision.

**{¶16}** Appellant now appeals.

### ASSIGNMENT OF ERROR

**{¶17}** Appellant has failed to set forth an assignment of error as required by App.R. 16(A), but rather generally argues the trial court erred and abused its discretion in denying his motion seeking the release of evidence so that he can conduct post-conviction DNA testing of biological material.

**I.**

**{¶18}** In his sole assignment of error, Appellant argues the trial court erred in denying his application for postconviction DNA testing. We disagree.

**Standard of Appellate Review**
**Application for Post-conviction DNA testing.**

**{¶19}** An application for DNA testing is governed by statute. *See* R.C. §2953.71 through 2953.81.

**{¶20}** In *State v. Buehler,* the Ohio Supreme Court held,

1. A careful, commonsense reading of R.C. 2953.74(C) in *pari materia* with R.C. 2953.72 and 2953.73 and the remainder of R.C. 2953.74 illustrates the intent of the General Assembly to authorize the trial court to exercise its discretion in how to proceed when ruling on an eligible inmate's application for DNA testing.

2. When an eligible inmate files an application for DNA testing pursuant to R.C. 2953.73, a trial court should exercise its discretion based upon the facts and circumstances presented in the case as to whether it will first determine whether the eligible inmate has demonstrated that the DNA testing would be outcome-determinative, or whether it should order the prosecuting attorney to prepare and file a DNA evidence report pursuant to R.C. 2953.75.

113 Ohio St.3d 114, 2007-Ohio-1246, 863 N.E.2d 124, paragraphs 1 and 2 of the syllabus.

**{¶21}** R.C. §2953.72(A)(8) provides that when requesting DNA testing pursuant to R.C. §2953.71 through 2953.81, an eligible offender must submit an acknowledgment form stating that,

> The court of common pleas has the sole *discretion* subject to an appeal as described in this division to determine whether an offender is an eligible offender and whether an eligible offender's application for DNA testing satisfies the acceptance criteria described in division (A)(4) of this section and whether the application should be accepted or rejected, that if the court of common pleas rejects an eligible offender's application, the offender may appeal the rejection, and that no determination otherwise made by the court of common pleas in the exercise of its discretion regarding the eligibility of an offender or regarding post-conviction DNA testing under [sections 2953.71 through 2953.81 of the Revised Code] is reviewable by or appealable to any court.

(Emphasis added; language severed as unconstitutional omitted, see *Noling III*, 149 Ohio St.3d 327, 2016-Ohio-8252, 75 N.E.3d 141, at ¶ 60); *State v. Noling,* 153 Ohio St.3d 108, 2018-Ohio-795, 101 N.E.3d 435, ¶31. As the Supreme Court has observed,

> The text of R.C. 2953.72(A)(8) specifically notes that three of the trial court's discretionary decisions regarding DNA testing are appealable: (1) whether Noling is an eligible offender, (2) whether Noling's application satisfied the acceptance criteria, and (3) whether Noling's application should have been accepted or rejected. As a result, appellate courts do not

have jurisdiction to hear Noling's claims that appeal discretionary decisions made by the trial court that do not relate to one of these three specifically listed exceptions. R.C. 2953.72 (A)(8) does not recognize any limits as to an applicant's right to appeal a court's failure to fulfill a mandatory duty; in fact, the division is entirely silent on that issue.

* * *

Examining the limits explained in R.C. 2953.72(A)(8) and (A)(9) in conjunction, it is clear that an appellate court has jurisdiction over a claim raised by an offender who requests DNA testing if the claim challenges any of the three discretionary decisions specifically listed as appealable in R.C. 2953.72(A)(8) or if the claim is that the trial court failed to fulfill a mandatory duty. Appellate courts do not have jurisdiction over claims that the trial court made incorrect discretionary decisions—other than the three specifically listed appealable issues—or claims asserting that the trial court performed a mandatory duty but that the manner in which that duty was performed was improper.

*State v. Noling,* 153 Ohio St.3d 108, 2018-Ohio-795, 101 N.E.3d 435, ¶32; ¶37.

**{¶22}** This Court reviews the trial court's decision to accept or reject an eligible offender's application for postconviction DNA testing for abuse of discretion. *State v. Mason*, 5th Dist. Ashland No. 2020CA00023, 2020-Ohio-6895. An abuse of discretion exists where the reasons given by the court for its action are clearly untenable, legally incorrect, or amount to a denial of justice, or where the judgment reaches an end or

purpose not justified by reason and the evidence. *State v. Firouzmandi,* 5th Dist. Licking No. 2006-CA-41, 2006-Ohio-5823, ¶54.

**{¶23}** The procedure for reviewing and accepting DNA-test applications is set forth in R.C. 2953.71 through 2953.82. After an eligible inmate submits a DNA-test application, R.C. 2953.73(D) states that the trial court "shall make the determination as to whether the application should be accepted or rejected. * * * The court shall make the determination in accordance with the criteria and procedures set forth in [R.C.] 2953.74 to 2953.81." R.C. 2953.73(D) also requires the trial court to consider the application and all corresponding and pertinent files, records, affidavits, documentary evidence, and all materials regarding the proceedings against defendant, "unless the application and the files and records show [that defendant] is not entitled to DNA testing, in which case the application may be denied." *Id.* Following its determination, the trial court shall enter a judgment and order that accepts or rejects the application. R.C. 2953.73(D) mandates that the trial court shall state the reasons for the acceptance or rejection, based on the criteria and procedures of R.C. 2953.71 to 2953.81, within the judgment and order.

**{¶24}** "A court may accept an R.C. 2953.73 application for DNA testing only if it determines that six conditions apply, two of which are central to this appeal." *State v. Bonnell,* 155 Ohio St.3d 176, 2018-Ohio-4069(2018), ¶19. First, the court must find that "the identity of the person who committed the offense was at issue." R.C. 2953.74 (C)(3). And second,

**{¶25}** A trial court may accept a DNA application only if it determines that "if DNA testing is conducted and an exclusion result is obtained, the exclusion result would be outcome determinative." R.C. 2953.74(C)(4). In its current form, the Revised Code

defines "outcome determinative" to mean that, had the testing been presented at trial and admitted into evidence, when considered alongside the other evidence in the case, "there is a strong probability that no reasonable factfinder would have found the offender guilty of [the] offense or, if the offender was sentenced to death relative to that offense, would have found the offender guilty of the aggravating circumstance or circumstances the offender was found guilty of committing and that is or are the basis of that sentence of death." R.C. 2953.71(L).

**{¶26}** *Bonnell,* ¶19.

**{¶27}** Initially we begin by noting that an application for DNA testing must be submitted on a form prescribed by the attorney general, and it must be accompanied by a signed acknowledgment of various items, which acknowledgment must also be on a form prescribed by the attorney general. R.C. §2953.72(A). Appellant failed to fulfill either requirement here. His application is not on the proper form. In addition, his application was not accompanied by the signed acknowledgment. As such, the trial court was not statutorily required to accept his application. *State v. Hayden*, 2nd Dist. Montgomery No. 23620, 2010-Ohio-3908, ¶ 11.

**{¶28}** Further, as found by the trial court, additional DNA testing of the victim's underwear in this case would not produce a more favorable outcome or produce an outcome determinative result.

**{¶29}** Here, the results of the DNA testing of the victim's underwear showing only DNA of an unknown female and no male DNA was available and known to Appellant 15 years ago, prior to the trial in this matter. As such, this issue could have been raised on direct appeal and not through an application for post-conviction DNA testing.

**{¶30}** Appellant herein is requesting that the evidence from the underwear should be compared to the DNA from the victim's mother. As identity was not an issue at trial, this Court fails to find how such testing would be outcome determinative.

**{¶31}** Here, even if the victim's mother's DNA were found on the evidence, that evidence would not reasonably exclude Appellant as a perpetrator of the crime at issue. Such evidence would only establish whether she had touched the victim's clothing and had contact with the victim. It would not negate the overwhelming evidence of Appellant's own involvement in the crime. In the words of R.C. §2953.71(L), the requested testing would not create "a strong probability that no reasonable factfinder would have found [Appellant] guilty of th[e] offense [.]"

**{¶32}** In the case *sub judice*, in order for the trial court to find that the DNA evidence on the clothing would be outcome determinative, it would have to disregard all of the other evidence provided at trial. See, *State v. Mason,* 5th Dist. Ashland No. CA-975, 1993 WL 360746 (Aug. 23, 1993). A review of the record establishes evidence of Appellant's guilt was substantial and therefore, the trial court did not abuse its discretion when the court determined that new DNA testing would not be outcome determinative.

**{¶33}** Based upon the foregoing, we find Appellant has failed to demonstrate the evidence that he sought to test could be outcome determinative [R.C. §2953.74 (B)(1); (C)(4)]. Accordingly, we find no error in the trial court's denial of his application for postconviction DNA testing.

**{¶34}** Appellant's assignment of error is overruled.

**{¶35}** For the forgoing reasons, the judgment of the Delaware County Court of Common Pleas is affirmed.


By: Wise, John, J.

Wise, Earle, P. J., and

Gwin, J., concur.